

AMENDED

COMPLAINT

CA. NO. 05 - 013 (GMS)

DATE: 10/3/05

Jimmie Lewis
SBI# 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

(Rev 5/05)

**FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT**
**UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

(1) _Jimmie LEWIS, SBI # 506622_
    (Name of Plaintiff)      (Inmate Number)

_D.C.C, 1181 PADDOCK RD, Smyrna DE 19977_
    (Complete Address with zip code)

(2)_____
    (Name of Plaintiff)      (Inmate Number)

_____
    (Complete Address with zip code)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

vs.

(1) _STANLEY TAYLOR, ET. AL,_

(2) _SEE ATTACHED SHEET FOR_

(3) _THE DEFENDANTS NAMES._
    (Names of Defendants)

(Each named party must be listed, and all names
must be printed or typed. Use additional sheets if needed)

:
:
:
:
:
:
:    _CA.NO. 05-051(GMS)_
:        (Case Number)
:   ( to be assigned by U.S. District Court)
:
:
:
:
:
:
:    **CIVIL COMPLAINT**
:
:
:
:    • • Jury Trial Requested
:
:
:
:

I.   **PREVIOUS LAWSUITS**

   A.   If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

       _04 - 1350 (GMS)  2004_
       _04 - 1410 (GMS)  2004_
       _05 - 013 (GMS)  2005_
       _05 - 052 (GMS)  2005_

LIST OF DEFENDANTS:

JIMMIE LEWIS,
    PLAINTIFF,

   V.

STANLEY TAYLOR DELAWARE DEPARTMENT OF CORRECTIONS —
COMMISSIONER, MAJOR DAVE WILLIAMS, D.C.C WARDEN —
THOMAS L. CARROL, SGT MARY MOODY, CPL LISE M. MERSON,
C/O TALENTI, C/O MS. NEWNAN, C/O MARK BLUE, C/O WAYMAN,
C/O ARCHIE ARMSTRONG, DR. ALI, DR. ROGERS, DR. JOSHI,
DR. BOSTON, DONALD NAPOLIN, FRED WAY, C/O D. YOUNG,
C/O N. BORDLEY, SGT C. RICHARDS, CAPT BERGGRUN,
CAPT MARK EMIG, DEBRA MUSKARELLI, P.A FISH,
NURSE JEROMY, APRIL LYONNS, NURSE INNA, CAPT DAVID BAMFORD,
LT. MITCHELL, CAPT PHILIP PARKER, LT. JOSEPH SABATO,
PATRICK SHEETS, LT. SYLVIA FARMER, DR. ARUMBURO,
GEORGIA SUTTON, H.R.Y.C.I WARDEN RAPHEL WILLIAMS,
             DEFENDANTS.

II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A.    Is there a prisoner grievance procedure available at your present institution?    • Yes    • No

B.    Have you fully exhausted your available administrative remedies regarding each of your present claims?    • Yes    • •No

C.    If your answer to "B" is Yes:

1.    What steps did you take?    FILED GRIEVANCE IN ACCORDANCE TO GRIEVANCE PROCEDURE 4.4

2.    What was the result?    GRIEVANCES EITHER RETURNED AS NON-GRIEVABLE OR SIMPLY IGNORED.

D.    If your answer to "B" is No, explain why not: _____

III.    DEFENDANTS (in order listed on the caption)

(1) Name of first defendant:    SEE ATTACHED

Employed as _____ at _____

Mailing address with zip code: _____

(2) Name of second defendant:    SEE ATTACHED

Employed as _____ at _____

Mailing address with zip code: _____

(3) Name of third defendant:    SEE ATTACHED

Employed as _____ at _____

Mailing address with zip code: _____

(List any additional defendants, their employment, and addresses with zip codes, on extra sheets if necessary)

2

IV. STATEMENT OF CLAIM

(State as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets of paper if necessary.)

1. _____

   _____

   _____ SEE  ATTACHED. _____

2. _____

   _____ \\ _____ '' '' _____

3. _____

   _____ \\ _____ '' _____

V.    RELIEF

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

1.    PRELIMINARY INJUNCTION FOR A MRI, AND
      OR A CAT SCAN, AS WELL AS TO BE
      THOUROUGHLY EXAMINED BY A RIROLOGIST,
      AND TO RECEIVE PSYCHOTHERAPY FROM A
      PSYCHOLOGIST. AT A MENTAL HEALTH FACILITY.

2. DUE TO HARDSHIPS I EXPERIENCE, BECAUSE OF MY OUT OF STATE RESIDENCY STATUS, I SEEK AN INJUCTION TO BE TRANSFERED TO "TROSA" A PROGRAM IN N.C, THE STATE I WAS BORN IN, IN ORDER TO FORFILL THE CONDITIONS OF MY SENTENCE.

3. 20 MILLION DOLLARS FOR NOMINAL AND PUNITIVE DAMAGES & FOR PAIN & SUFFERING.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this ___3 RD___ day of ___OCT___ , 2 005 .

_____
(Signature of Plaintiff 1)

_____
(Signature of Plaintiff 2)

_____
(Signature of Plaintiff 3)

4

# TABLE OF CONTENTS

1.)  AO 440 SUMMONS     2 PAGES

2.)  JS 44 CIVIL COVER SHEET     1 PAGE

3.)  42 U.S.C. § 1983 COMPLAINT   5 PAGES

4.)  TABLE OF CONTENTS   5 PAGES

5.)  IV STATEMENT OF CLAIM     49 PAGES

6.)  MENTAL HEALTH CARE PATIENTS FIND LITTLE
     HELP IN DEL EXHIBIT     1 PAGE

7.)  BRIEF DISCRIPTION OF GRIEVANCES, DATES THEY
     WERE DOCUMENTED, AND GRIEVANCES NUMBERS
     13 PAGES

8.)  GRIEVANCES AS THEY WERE SUBMITTED TO
     THE INMATE GRIEVANCE CHAIRPERSON   39 PAGES

9.)  F.C.M  PSYCHOTHERAPY APPLICATION   1 PAGE

10.)  GRIEVANCE DETAILS AS THEY WERE SUBMITTED,
      ~~                ~~ .   ( 9 PAGES )

11.)  MENTAL HEALTH CARE DOCUMENTS THAT WERE
      GIVEN TO THE MENTAL HEALTH CARE STAFF.
           4.PAGES

12.) A COPY OF THE FORENSIC PSYCHIATRIC EVALUATION THAT VARIFIES THAT THE MENTAL HEALTH CARE SUBMITTED ERRONEOUS INFORMATION ΝΑ TO THE DELAWARE PSYCHIATRIC CENTER THAT WAS UTILIZED TO SENTENCE ME. 3 PAGES

13.) BLOOD PRESURE READING THAT VARIFY THAT DR. ARUMBURO SHOULD NOT HAVE DISCONTINUED MY BLOOD PRESURE CHECKS BEFORE MY B/P WAS STABILIZED AND OR SAFE. 1 PAGE

14.) A $2201,00 BILL FOR A STRESS TEST THAT THE MEDICAL STAFF REFUSES TO PAY AS WELL AS REFUSES TO ALLOW ME TO GRIEVE 1 PAGE

15.) RESPONSE FROM THE SUPERIOR COURT IN REGARDS TO A MOTION FOR A NEW TRIAL THAT WAS DENIED, DUE TO THE SUPERIOR COURT NOT BEING INFORMED OF MY INCOMPETENT STATE OF MIND AT THE TIME OF MY ARREST, (BY THE MENTAL-HEALTH CARE STAFF), AS WELL AS DUE TO ERRONEOUS INFORMATION SUBMITTED TO THE DELAWARE PSYCHIATRIC CENTER. 2 PAGES

16.) PERSONAL CARE AND HYGIENE PAMPLET, GIVEN TO ME BY THEM. THE MEDICAL DEPT APON MY RECEIVED INTO GANDER HILL, THAT THEY FAILED TO ALLOW ME TO ADHERE TO DURING MY INFIRMARY ADMISSIONS. 2 PAGES

17.) INFIRMARY PSYCH CLOSE OBSERVATION
LEVEL AND LOG SHEET  2 PAGES

18.) "SEROQUEL", WHY IT IS PRESCRIBED, SIDE EFFECTS
AND WARNINGS.  3 PAGES

19.) DOCUMENTS IN REGARDS TO GRIEVANCES
8 PAGES

20.) NOTARIZED NOTATION FROM TIMOTHY REDDICK
VARIFING HE WITNESSED NURSE INNA AND
NURSE DIANE HERNANDEZ DENY ME MEDICAL CARE
1 PAGE

21.) MEMORANDUM POSTED BY P.A FISH
DENING ME LEGAL MATERIAL  1 PAGE

22) RESPONSE TO MY REQUEST FOR A COPY
OF MY MEDICAL RECORDS  1 PAGE

23.) REQUEST FOR INTERSTATE TRANSFER, IN ORDER
FORFILL MY SENTENCING REQUIREMENT AND
TO RECEIVE ADEQUATE MEDICAL AND
MENTAL HEALTH TREATMENT  1 PAGE

24.) RESPONSE FROM MY REQUEST FOR MY
     DISCIPLINARY INCIDENTS, IN ORDER SO THAT
     I CAN IDENTIFY ANY AND ALL CIVIL AND
     CRIMINAL VIOLATIONS COMMITTED AGAINST
     ME, AT THOSE TIMES.   1 PAGE

25.) RESPONDING CORRESPONDENCE FROM THE
     H.R.Y.C.I WARDEN RAPHEL WILLIAMS,
     PERTAING TO THE COMPLAINT STATED
     WITHIN THE CLAIM     6 PAGES

26.) SENTENCING WORKSHEET AND "TROSA"
     APPLICATION, A PROGRAM THAT PROVIDES,
     MENTAL HEALTH, ANGER MANAGEMENT AND
     SUBSTANCE ABUSE TREATMENT FROM ANYWHERE
     IN THE UNITED STATES. 6 PAGES

27.) DATES OF DISCIPLINARY INFRACTIONS, FOR
     THE REQUEST OF FULL DISCLOSURE WAS SUBMITTED
     1 PAGE.

28.) DISCIPLINARY HEARING DOCUMENTS  8 PAGES

29.) NOTATION TO SGT FRED WAY, IN REGARDS
TO THE SITUATION OF IMMINENT PHYSICAL
HARM, THAT WAS TOTALLY IGNORED    1 PAGE

30.) DOCUMENT THAT CAPT DAVID BAMFORD
AUTHORIZED CLASSIFYING ME TO ADMINISTRATIVE
SEGREGATION, WHILE I WAS IN THE INFIRMARY'S
PSYCH CLOSE OBSERVATION ROOM ON PCO II STATUS,
WITHOUT FIRST CONSULTING DR. JOSHI AND OR
CONDUCTING A COMPETENCY OR CLASSIFICATION HEARING
1 PAGE.

31.) IBCC AND MDT CLASSIFICATION DOCUMENTS,
THAT VARIFY THAT SAID DISCIPLINARY REPORTS
HAVE INDEED CAUSED ME ATYPICAL AND
SIGNIFICANT HARDSHIP AND EMOTIONAL DISTRESS
3 PAGES.

# IV

## STATEMENT

## OF

## CLAIM

DATE: 10/3/05

Jimmel Lewis

SBI # 506622

DEL. CORR. CENTER

1181 PADDOCK RD

SMYRNA, DE 19977

(Paragraph # 1)

From May 2003 up until March 2005 I was subjected to being housed in the H.R.Y.C.I. infirmary's psych close observation room(s) # 196 & # 197, per Dr Joshi, when ever I was diagnosed as being psychotic. The rooms # 196 & # 197 are actually condemned cells, because there is no sink, no toilet, that grants the ability to properly disposed of bodily waste and or bodily fluids. This has caused the room(s) floors and walls to become saturated with feces, mucus, urine, blood that has caused my bladder and urinary track to become infected on more than (5) seperate occassions.

The rooms are extremely hot in the summer, for which has caused me to become dehydrated on numerous occassions. I would request water from correctional officers Talenti, Ms Newman from the 8 TO 4 shift, only to be repeatedly denied. I would request water from correctional officers Mark Blue from the 4 TO 12 shift, only to be repeatedly denied. Said denials only exasperated the bladder and urinary track infection that I contracted from the filthy unsanitary conditions of the infirmarys psych close observation rooms # 196 & # 197. Said C/o's would also deny my every request to wash my hands with soap and water before meals were served.

(P.2 paragraph # 1)

In the winter the rooms are extremely cold, and there is absolutely nothing provided for bedding. Do to the fact that it is protocol to strip patients of all clothing, for which is replaced by transparent paper gowns that tare as soon as you put it on! These factors caused my skin to come in contact with the freezing cold surfaces of the concrete platform; the plastic restraining harness, or the concrete floor. Being subjected to these conditions have exaggerated the psychological dilemmas that caused me to diagnosed as psychotic initially. I contemplated thoughts of suicide, as a form of relief from the extreme filth and extreme climates I was subjected to in room(s) # 196 & # 197.

The room(s) # 196 & # 197 have 3 by 2 feet windows, that put me on display like an animal in a zoo, for which gives reason for why I was mocked, ridiculed and slandered by patients and visitors who entered the area. I was subjected to these conditions for at least (30) different admissions.

For (7) seperate admissions for (1) week.
For (10) seperate admissions for (2) weeks.
For (4) seperate admissions for (3) weeks.
For (1) seperate admission for (4) weeks.
For (8) seperate admissions for (3) days.

( P.3 paragraph #1 )

I was subjected to these conditions, even though
the psych close observation room(s) are #196 & #197
aren't fit for human habitation, along with the fact
that I was assessed for safety every (4) hours.
Instead of being assessed for safety on a (4) hour
basis, I was forced to wait 48 to 72 hours.
This caused me atypical and significant hardship,
that affects me every day since!

I wrote correspondences to Raphel Williams,
Stanley Taylor, Dr Booton, Dr Joshi, Georgia Sutton,
Mr Fish, and April Lyonns in there official capacity,
but they either failed to act and or respond.
I filed grievance in accordance to grievance
procedure 4.4, but to no avail as well.

paragraph #1 define violations of my patient
rights, as well as violations of my 8TH and 14TH
U.S.C.A. paragraph #1 also defines violation
of 1° conspuacy 11. DEL 513 and medical -
malpractice.

see attached exhibits

( Paragraph # 2)

C/o Talenti has deliberately interferred with the psychological rehabilitative treatment prescribed to me by psychiatrist Dr. Joshi, by writing ▓▓ (3) seperate disciplinary infractions against me, while I was in the infirmary psych close observation room on P.C.O level II status, without first consulting with Dr. Joshi for a psychological assessment of competency and or first conducting a competency hearing. Said disciplinary reports caused me atypical and significant hardship of being subjected to disciplinary and or maximum housing units that do not provide adequate mental health treatment.

A wrote correspondences to Stanley Taylor, Raphel Williams, Dr. Boston, Dave Williams, April Lyonns and Capt. Mark Emig in their official capacity, but they either failed to act and or respond. A filed grievance in accordance to grievance procedure 4.4, but to no avail as well.

Paragraph # 2 define violations of my patient rights, as well as violations of my 8TH and 14TH U.S.C.A.

Paragraph # 2 also define a violation of 1° conspiracy 11. DEL 513
see attached exhibits

(Paragraph # 3)

During the course of my admissions in the infirmary's psych close observation room(s) # 196 & # 197, dating from May 2003 up until March 2005, I contracted the Flu on (3) seperate occassions, along with my bladder and urinary track becoming infected on more than (5) seperate occassions. When ever I became ill, I would try to obtain medical treatment from nurse Diane Hernandez, nurse Anna, nurse Jeromy and P.A Fish would deny my every request, giving me instructions to submit a sick call slip, knowing very well that the PCO II psych observation policy prohibits me from obtaining paper, pen and pencil. Said denials caused me atypical and significant hardship that still affect me every day since.

I wrote correspondence to Stanley Taylor, Raphel Williams, P.A Fish, Georgia Sutton, April Lyonns in there official capacity, but they either failed to act or respond. I filed grievance also, but to no avail as well.

Paragraph # 3 define violations of my patient rights, as well as violations of my 8TH and 14TH U.S.C.A. Paragraph # 3 also define violations of 1° conspiracy ii. DEL 513, medical malpractice.
see attached exhibits

(Paragraph # 4)

Officer Wayman has on numerous occasions denied
me adequate time with the doctor, specificly
Dr Arumburso, when ever I was scheduled for a visit.
Officer Wayman would come to my assigned housing
unit five to ten minutes before institutional count
time, push me down to the doctors office, then less
than (2) minutes later abruptly end my doctors visit
before I would be able to receive proper treatment
and or consultation. This would cause me to
submit sick call slips repeatedly, due to the exact
situation occuring over and over again.
Said denials caused me atypical and significant
hardship, that still affect me every day since.
       I wrote correspondences to Stanley Taylor,
Raphel Williams, Georgia Sutton, April Lyonns, in
there official capacity, but they either failed to act
or respond. I filed grievance also but to no avail.
       Paragraph # 4 define violations of my
8TH and 14TH U.S.C.A. Paragraph # 4 also
defines violation of 1° conspiracy 11. DEL 513.
       see attached exhibits

(Paragraph # 5)

— while prescribed to be on psych close observation P.C.O Level II status, the time had come for me to file application for certification to the Supreme Court; so I informed C/o Talenti that I needed the paralegal, Talenti notified Capt Mark Emig, Capt Mark Emig notified the mental health care counselor Donald Napolin, Donald Napolin notified P.A Fish. P.A Fish not only refused to allow the paralegal to assist me, but P.A Fish wrote a memorandum that actually prohibited my recieving and or sending legal mail while I was in the infirmary. Said denials have caused me atypical and significant hardship.

I wrote correspondences to Stanley Taylor, Raphel Williams, Georgia Sutton, Dr Booton in there official capacity, but they either failed to act or respond. I filed grievance also, but to no avail.

Paragraph #5 define violations of my 6TH, 8TH and 14TH U.S.C.A.

see attached exhibits

(Paragraph # 6)

Dr. Arumbuso has interfered with and deliberately denied me what was prescribed to me by Cardiologist Dr. Paul C. Pennock.

On Feb 8, 2005 Dr Pennock prescribed that I get my blood pressure checked (3) times a week until my blood pressure was stabilized and safe.

This prescription was prescribed to me after participating in a stress test, due to abnormal E.K.G reading that called for me to be prescribed nithoglycrin on (2) seperate occassions. Said denial has caused me atypical and significant hardship that still affect me each and every day.

I wrote correspondences to Stanley Taylor, Raphel Williams, Georgia Sutton, April Lyonns in there official capacity, but they either failed to act or respond. I filed grievance, but to no avail.

Paragraph # 6 defines violations of my patient rights, medical malpractice, and violations of my 8TH and 14TH U.S.C.A

see attached exhibits

(Paragraph # 7)

On five (5) different occassions Dr Aramburo has prescribed me the anti-biotic "Bactrim" for re-occuring bladder and urinary track infection(s). Subsequently, I was transferred to the Delaware Psychiatric Center and Dr Foster prescribed a urology examination, but before the urology examination was conducted, I was transferred back into the custody of the (D.O.C) along with my medical records. I informed Dr. Aramburo that Dr Foster prescribed a urology examination, ~~hatha~~ and Dr Aramburo thereafter agreed with the consultation by a urologist and submitted a referral, but Dr Ali denied the referral?

Subsequently to receiving treatment I was transferred again, but to the Delaware Correctional Center (D.C.C) at which time Dr Rogers was informed of the course of events, but to no avail. I wrote correspondence to Stanley Taylor, Rachel Williams, Georgia Sutton, April Lyonns, and Thomas L. Carrol, but they either failed to act or respond. I also filed grievances, but to no avail as well. Said denial has caused me atypical and significant hardship that still affects me each and every day.

(P.2 Cont paragraph #7)

Paragraph #7 defines violations of my patient rights, medical malpractice and violations of my 8TH and 14TH U.S.C.A.

See attached exhibits.

(paragraph #8)

- mental health care personel Debra Muskarelli, utilized the two way intercom system to earsdrop and or spy on me during my pre-trial confinement on the mental health pod. Debra Muskarelli's spying on me caused me to become paranoid, delusional and psychotic. Said conduct caused me atypical and significant hardship that still affects me each and every day.

d wrote correspondences to Stanley Taylor, Raphel Williams, and Dr. Booton, but they either failed to act or respond. d also filed grievance, but to no avail as well.

paragraph #8 defines violations of my patient rights, medical malpractice as well as violations of my 1ST, 8TH and 14TH U.S.C.A.

see attached exhibits.

(Paragraph # 9)

C/O D. Young has deliberately interferred with the psychological rehabilitative treatment prescribed to me by psychiatrist Dr. Joshi, by writing a disciplinary infraction against me while I was in the H.R.Y.C.I infirmary psych close observation room on PCO level II status, without first consulting with Dr Joshi for a psychological assessment of competency and or first conducting a competency hearing. Said disciplinary report caused me atypical and significant hardship of being subjected to disciplinary and or maximum housing units that do not provide adequate mental health treatment or a higher level of quality of life status that would allow me work credits and or work release status.

I wrote correspondences to Stanley Taylor, Raphel Williams, Dr. Boston, Dave Williams, Capt Berggrun, but they either failed to act and or respond. I also wrote grievance in accordance to grievance procedure 4.4, but to no avail.

Paragraph # 9 defines violations of my patient rights, as well as violations of my 8TH and 14TH U.S.C.A

see attached exhibits

(Paragraph # 10)

C/O N. Bordley has deliberately interfered with the psychological rehabilitative treatment prescribed to me by psychiatrist Dr Joshi, by writing a disciplinary infraction against me while I was in the H.R.Y.C.I infirmary's psych close observation room on P.C.O level II status, without first consulting with Dr Joshi for a psychological assessment of competency and or first conducting a competency hearing. Said disciplinary report caused me atypical and significant hardship of being subjected to disciplinary and or maximum housing units that do not provide adequate mental health treatment or a higher level of quality of life status that would allow me work credits and or work release status.

I wrote correspondences to Stanley Taylor, Raphel Williams, Dr Boston, Dave Williams, Capt Mark Emig, but they either failed to act and or respond. I also wrote grievance in accordance in grievance procedure 4.4, but to no avail.

Paragraph # 9 defines violations of my patient rights, as well as violations of my 8TH and 14TH U.S.C.A.

see attached exhibits

(Paragraph # 11)

C/o D. Carlock has deliberately interferred with the psychological rehabilitative treatment prescribed to me by psychiatrist Dr. Joshi, by writing a Disciplinary infraction against me while I was in the H.R.Y.C.I infirmary psych close observation room on PCO level II status, without first consulting with Dr. Joshi for a psychological assessment of competency and or first conducting a competency hearing. Said disciplinary report caused me atypical and significant hardship of being subjected to Disciplinary and or maximum security housing units, that do not provide adequate mental health treatment or a higher level of quality of life status that would allow me work credits and or work release status.

I wrote correspondences to Stanley Taylor, Raphel Williams, Dr Booton, Dave Williams, Capt David Bamford, but they either failed to act and or respond. I also wrote grievance in accordance to grievance procedure 4.4, but to no avail.


Paragraph # 11 defines violations of my patient rights, as well as violations of my 8TH and 14TH U.S.C.A

see attached exhibits