(Paragraph # 12)

C/O A. Armstrong has deliberately interfered with the psychological rehabilitative treatment prescribed to me by psychiatrist Dr. Joshi, by writing a disciplinary infraction against me while I was in the H.R.Y.C.I mental health unit, without first consulting with Dr Joshi for a psychological assessment of competency and or first conducting a competency hearing. Said disciplinary report caused me atypical and significant hardship of being subjected to disciplinary and or maximum security units, that do not provide adequate mental health treatment or a higher level of quality of life status that would allow me work credits and or work release status. In there official capacity, I wrote correspondence to Stanley Taylor, Raphel Williams, Dr Boston, Dave Williams, Capt Mark Emig, but they either failed to act and or respond. I also wrote grievance in accordance to grievance procedure 4.4, but to no avail.

Paragraph # 12 defines violations of my patient rights, as well as violations of my 8TH and 14TH U.S.C.A

see attached exhibits

(Paragraph # 13)

LT. Patrick Sheeto has deliberately interfered with the psychological rehabilitative treatment prescribed to me by psychiatrist Dr. Joshi, by conducting a disciplinary hearing in regards to a disciplinary hearing that was conducted while I was in the H.R.Y.C.I infirmary's psych close observation room, without first consulting with Dr Joshi for a psychological assessment of competency and or first conducting a competency hearing. Said disciplinary hearing caused me atypical and significant hardship of being subjected to disciplinary and or maximum security units, that do not provide adequate mental health treatment or a higher level of quality of life status that would allow me work credits and or work release status.

I wrote correspondences to Stanley Taylor, Raghel Williams, Dave Williams, Capt Mark Emig in there official capacity, but they either failed to act and or respond. I also filed grievance in accordance to grievance procedure 4.4, but to no avail.

Paragraph # 13 defines violations of my patient rights, as well as violations of my 8TH and 14 TH U.S.C.A.

see attached exhibits

( Paragraph # 14 )

LT. Philip Parker has deliberately interfered with the psychological rehabilitative treatment prescribed to me by psychiatrist Dr Joshi, by conducting a disciplinary hearing in regards to a disciplinary hearing that was conducted while I was on the H.R.Y.C.I infirmary's psych close observation room, without first consulting with Dr Joshi for a psychological assessment of competency and or first conducting a competency hearing. Said disciplinary hearing caused me atypical and significant hardship of being subjected to disciplinary and or maximum security units, that do not provide adequate mental health treatment or a higher level of quality of life status that would allow me work credits and or work release.

I wrote correspondences to Stanley Taylor, Raphel Williams, Dave Williams, Capt Mark Emig, in there official capacity, but they either failed to act and or respond. I also filed grievance in accordance to grievance procedure 4.4, but to no avail.

Paragraph # 14 defines violations of my patient rights, as well as violations of my 8TH and 14TH U.S.C.A

see attached exhibits

(Paragraph # 15)

Sgt C. Richards has deliberately interfered with the psychological rehabilitative treatment prescribed to me by psychiatrist Dr. Joshi, by conducting a disciplinary hearing in regards to a disciplinary hearing that was conducted while I was in the H.R.Y.C.I infirmary's psych close observation room, without first conducting a competency hearing, and or consulting with Dr Joshi for a psychological assessment of competency.

Said disciplinary hearing caused atypical and significant hardships of being subjected to disciplinary and or maximum security units, that do not provide adequate mental health treatment, or a higher level of quality of life status that would allow me work credits and or work release status.

I wrote correspondences to Stanley Taylor, Rachel Williams, Dave Williams, Capt Mark Emig in there official capacity, but they either failed to act and or respond. I also filed grievance in accordance to grievance procedure 4.4, but to no avail.

Paragraph # 15 defines violations of my patient rights, as well as violations of my 8TH and 14TH U.S.C.A

see attached exhibits

( Paragraph # 16 )

Sgt Fred Way has deliberately interfered with the psychological rehabilitative treatment prescribed to me by psychiatrist Dr. Joshi, by conducting a disciplinary hearing in regards to a disciplinary hearing that was conducted while I was in the H.R.Y.C.I infirmary's psych. close observation room, without first consulting with Dr Joshi for a psychological assessment and/or with out first conducting a competency hearing. Said disciplinary hearing caused me atypical and significant hardship of being subjected to disciplinary and/or maximum security units, that do not provide adequate mental health treatment or a higher level of quality of life status that would allow me work credits and/or work release status.

I wrote correspondence to Stanley Taylor, Raphel Williams, Dave Williams, Capt Mark Emig in their official capacity, but they either failed to act and/or respond. I also filed grievance in accordance to grievance procedure 4.4, but to no avail.

Paragraph # 16 defines violation of my patient rights, as well as violations of my 8TH and 14TH U.S.C.A.

see attached exhibits

(paragraph # 17)

J. Mitchell has deliberately interfered with the psychological rehabilitative treatment prescribed to me by psychiatrist Dr. Joshi, by conducting a disciplinary hearing in regards to a disciplinary report I received while I was in the infirmary psych close observation room PCO level II status, without first consulting with Dr. Joshi for a psychological assessment of competency and or conducting a competency hearing. Said disciplinary hearing caused me atypical and significant hardship of being subjected to disciplinary and or maximum security units, that do not provide adequate mental health treatment or a higher level of quality of life status that would allow me work credits and or work release credits, (status).

I wrote correspondences to stanley taylor, Raphel Williams, Dave Williams, Capt Berggren, in their official capacity, but they either failed to act and or respond. I also filed grievance in accordance to grievance procedure 4.4, but to no avail.

Paragraph # 17 defines violations of my patient rights, as well as violations of my 8TH and 14TH U.S.C.A.

see attached exhibits

(Paragraph # 18)

Sgt Medford has deliberately interfered with the psychological rehabilitative treatment prescribed to me by psychiatrist Dr. Joshi, by conducting a disciplinary hearing in regards to disciplinary report I received while I was in the infirmary's psych. close observation room on SCO level II status, without first consulting with Dr Joshi for a psychological assessment of competency and or conducting a competency hearing. Said disciplinary hearing caused me atypical and significant hardship of being subjected to disciplinary and or maximum security units, that do not provide adequate mental health treatment or a higher level of quality of life status, that would allow me work credits and or work release status.

I wrote correspondences to Stanley Taylor, Raphel Williams, ~~Stanley Taylor~~ Dave Williams, Capt Berggsun, in there official capacity, but they either failed to act and or respond. I also filed grievance in accordance to grievance procedure 4.4, but to no avail.

Paragraph # 18 defines violations of my patient rights, as well as violations of my 8TH and 14TH U.S.C.A

see attached exhibits.

(paragraph #19)

LT. S. Farmer has deliberately interfered with the psychological rehabilitative treatment prescribed to me by psychiatrist Dr. Joshi, by conducting a disciplinary hearing that N. Bordley wrote against me while I was in the Unfirmary's psych close observation room on PCO level II status, without first consulting with Dr. Joshi for a psychological assessment of competency and or conducting a competency hearing. Said disciplinary hearing caused me atypical and significant hardship of being subjected to disciplinary and or maximum security units, that do not provide adequate mental health treatment or a higher level of quality of life status, that would allow me work credits and or work release status.

I wrote correspondences to Stanley Taylor, Raphel Williams, Dave Williams, Capt Mark Emig, in there official capacity, but they either failed to act and or respond. I also filed grievance in accordance to grievance procedure 4.4, but to no avail.

Paragraph # 19 defines violations of my patient rights, as well as violations of my 8TH and 14TH U.S.C.A

see attached exhibits

( Paragraph # 20 )

Sgt Kennedy has deliberately interfered with the psychological rehabilitative treatment prescribed to me by psychiatrist Dr. Joshi, by conducting a disciplinary hearing in regards to a disciplinary hearing that was conducted while I was in the H.R.Y.C.I infirmary's psych close observation room, without first consulting with Dr Joshi for a psychological assessment and/or for competency and/or conducting a competency-hearing. Said disciplinary hearing caused me atypical and significant hardship of being subjected to disciplinary and/or maximum security units, that do not provide adequate mental health treatment or a higher level of quality of life status, that would allow me work credits and/or work release status.

I wrote correspondences to Stanley Taylor, Raphel Williams, Dave Williams, Capt Mark Emig, in there official capacity, but they either failed to act and/or respond. I also filed grievance in accordance to grievance procedure 4.4, but to no avail.

Paragraph # 20 defines violations of my patient rights, as well as violations of my 8TH and 14TH U.S.C.A.

see attached exhibits

(Paragraph # 21)

LT. Singh has deliberately interferred with the psychological rehabilitative treatment prescribed by psychiatrist Dr. Jodi, by conducting a disciplinary hearing in regards to a disciplinary hearing that was conducted while I was in the H.R.Y.C.I infirmary's psych close observation room, without first consulting with Dr. Joshi for a psychological assessment for competency and or conducting a competency hearing. Said disciplinary hearing caused me atypical and significant hardship of being subjected to disciplinary and or maximum security units, that do not provide adequate mental health treatment or a higher level of quality of life status, that would allow me work credits and or work release status.

    I wrote correspondences to Stanley Taylor, Raghel Williams, Dave Williams, Capt Mark Emig, in there official capacity, but they either failed to act and or respond. I also filed grievance in accordance to grievance procedure 4.4, but to no avail.

    Paragraph # 21 defines violations of my Patient rights, as well as violations of my 8TH and 14TH U.S.C.A.

    see attached exhibits

(Paragragh # 22)

LT. Patrick Sheets came to unit and called my assigned cell mate Paul Fox to the dayroom, Paul Fox Thereafter returned with a correctional officer and gathered his property. LT Patrick Sheet-thereafter began to slander my name, by making statements that he transferred Paul Fox to another unit, because Jimmie Lewis was trying to have sexual intercourse with him. This rumor spreaded through out the H.R.Y.C.I and there was nothing I could do to defend myself against The malicious allegation due to the fact that LT. Patrick Sheets did not conduct any sort of hearing that would have at least allowed me to defend myself. A rumor of this nature is extremely dangerous for a inmate serving time in the prison!

I wrote correspondence to Stanley Taylor, Raphel Williams, Capt Mark Emig in these official capacity; but they either failed to act and or respond. I also filed grievance in accordance to grievance procedure 4.4; but to no avail.

paragraph # 22 defines violations of my 8TH and 14TH U.S.C.A, as well as violations slander and libel.

see attached exhibits

(paragraph #23)

While I was in the H.R.Y.C.I infirmary psych close observation room # 197, May 2004, LT S. Farmer was called in regards to a complaint that nurse Kimberly Johnson wanted to report. Instead of LT. S. Farmer consulting with Dr. Joshi and or the mental health staff for a psychological assessment of competency and or conducting a competency hearing, Lt. S. Farmer stormed into the infirmary accompanied by LT Patrick Sheets and LT Joseph Sabato.

LT Sylvia Farmer removed her capstun spray from her belt, and ordered C/O D. Carlock to open the observation rooms door. LT. S. Farmer entered the room with the capstun spray pointed towards my face, in response I retreated to the corner of the room as LT. S. Farmer, LT. Joseph Sabato and LT. Patrick Sheets all entered the room.

LT. S. Farmer began to shout out slanderous remarks, calling me a "homosexual" and a "faggot".

At that point I was covering my face with my hands as I stated, stop pointing the capstun spray at me. After a few minutes LT. S. Farmer lowered the capstun spray. I began to explain that the nurse Kimberly Johnson did the exact same thing that LT. Sylvia Farmer just did, shouted out slanderous remarks of me being a homosexual simply because I was requesting my medication.

After LT. Joseph Sabato exited the room to investigate the circumstances of the situation with officer D. Carlock, they realized I was telling the truth.

(Cont #23 P.2)

But LT. S. Farmer realizing that I was indeed telling the truth wasn't enough for the LT. LT. S. Farmer began to threaten me, stating that she was going to get some of the ruffest thugs to beat my ass, when I get transfered to 1F unit, (administrative segregation).

I responded by stating, Im not classified to administrative Segregation. LT S. Farmer stated that she was on her way to speak with Capt. David Bamford to place me on administrative Segregation.

On that same date, I was placed on Administrative Segregation without first receiving any sort of hearing.

Subsequently, LT. S. Farmer threats of doing me physical harm caused me to become so paranoid and psychotic that the mental health staff motioned to the Superior court Judge Charles H. Toliver IV, to have me transfered to the Delaware Psychiatric Center for treatment. Because of this, LT. S. Farmer instructed the mental health staff to document in my psychological assessment that I had been transfered to the infirmary after assaulting a correctional officer, this was in fact done by her co-worker LT Philip Parker. Said conduct caused me atypical and significant hardship of erroneous information being stated in the forensic psychiatric evaluation for competency that was submitted to the Superior court, for the purpose of my felony criminal conviction.

(Paragraph # 23 r.3)

Said erroneous information was utilized by the Superior Court Judge to sentence me to the maximum term, therefore I was denied immediate release, a lesser term of incarceration, adequate psychological treatment. & also suffer from psychological and emotional damages. Furthermore, I have been subjected to disciplinary and or maximum security security units, that do not provide adequate mental health treatment or a higher level of quality of life status, that would allow me to obtain work credits, and or work release status.

I wrote correspondences to Stanley Taylor, Raghel Williams, Dave Williams, Capt David Bamford, in there official capacity, but the either failed to act and or respond. & also filed grievance in accordance to grievance procedure 4.4, but to no avail as well.

Paragraph # 23 defines violations of my patient rights, violations of my 6TH, 8TH & 14TH U.S.C.A. as well as violations of Hate Crime 11 DEL 1304, Aggravated intimidation 11 DEL 3533, 1° conspiracy 11 DEL 513, Slander, libel, and medical malpractice.

see attached exhibits

(Paragraph #24)

While I was in the H.R.Y.C.I infirmary's psych close observation room, Sgt Fred Way,—while conducting his routine security checks confronted me in regards to a grievance I submitted on him in regards to his refusing to investigate that I was being threatened with physical harm by a inmate named Richard Lewis along with his "brother and associates." Sgt Fred Way stated, oh so that's why yous in the infirmary now, your a punk. Stating that I should act disorderly so he could do me like he did Louis chance Jr (a inmate that died after Sgt Fred way, and his team of correctional officers piled on top of Mr Louis chance Jr, in order to coerce him into accepting a cocktail of psychotropic medicines.) Sgt Fred Ways failure to act, caused me atypical and significant hardship of ~~becoming~~ our psychotic and paranoid delusions and of being confined to the filthy psych close observation room.

I wrote correspondences to Stanley Taylor, Raphel Williams, Dove Williams, Capt Mark Emig in the official capacity, but they either failed to act and or respond. I also filed grievance, but to no avail.

Paragraph #24 defines violations of my 8TH & 14TH U.S.C.A, as well as a violation of aggravated-intimidation 11 DEL 3533.

See attached exhibits

(Paragraph # 25)

I experience numerous psychiatric dilemma's on a daily basis. And for more than a year I have complied with the psychotropic medicine, that was initially prescribed to me by Dr. Joshi.

But medication allone has not taught me how to properly deal with the psychological dilemma's that give reason for why I am prescribed psychotropic's.

I have submitted numerous request to receive psychotherapy from a psychologist, in order to ensure that I experience a smooth transition back into society, but my every request for psychotherapy from a psychologist has been denied even though the mental health staff has determined that I am a risk either to myself or others, in which gives reason for my being classified to the (S.H.U) maximum — security unit.

I wrote correspondences to Stanley Taylor, ~~Paul ~~, ~~~~, Thomas L. Carrol, but they either failed to act and or respond. I also filed a grievance in accordance to grievance procedure 4.4, but to no avail.

Paragraph # 25 defines violations of my patient right, as well as violations of my 8TH and 14TH U.S.C.A.

see attached exhibits

(Paragraph # 26)

After being transferred back to the Department of Corrections (D.O.C) on 6/25/2004 from the Delaware Psychiatric Center, I began to experience illnesses of insomnia, headaches, delusions, hallucinations, ear ringing, dizziness, vertigo, tremors and difficulty speaking, my tounge wouldn't move correctly. I consulted with Dr. Arumburo who agreed that the symptoms could be the side affects of psychotropic medicines I received while at the (D.P.C), i.e., Geodon, Haldol, Seroquel, Ativan, and Benadryl, in which could also very well be signs of brain damage. I requested a MRI and or CAT scan in order to determine if I am suffering from brain damage, as well as to determine if my psychological dilemma's are in relation to some sort of abnormal brain damage related to said psychotropic medications; but Dr. Joshi, Dr. Arumburo, and Dr. Rogers ignored and or denied my request.

I wrote correspondences to Stanley Taylor, Raphel Williams, Thomas L. Carrol in there official capacity, but they either failed to act and or respond. I also filed Grievance in accordance to grievance procedure 4.4, but to no avail.

Paragraph # 26 defines violations of my patient rights, as well as violations of my 8TH and 14TH U.S.C.A

see attached exhibits

(Paragraph # 27)

When ever I was subjected to being confined in the H.R.Y.C.I disciplinary unit and or the Administrative Segregation unit (1-E & 1-F), I did not receive any mental health treatment and or psychotherapy, in which gives ~~harder~~ reason for my experiencing atypical and significant hard ship of being denied the privileges that the other mental health and cronic care patients on the mental health unit receive; visits, commissary, day room recreation, religious services, haircuts, telephone calls, personal Law Library access, paid denials have caused me atypical and significant hardships of being subjected to being classified to a maximum security unit after being sentenced, that do not provide adequate mental treatment or a higher level of quality of life status, that would allow me ~~me~~ to obtain work credits. and or release credits.

I wrote correspondences to Stanley Taylor, Raphel Williams and Dr. Boston, but they either failed to act and or respond. I also filed grievance in accordance to grievance procedure 4.4, but to no avail.

Paragraph # 27 defines violations of my patient rights, medical malpractice, as well as violations of my 8TH and 14TH U.S.C.A

see attached exhibits

(Paragraph # 28)

Between the dates of May 26, 2003 and June 2, 2003, I was interviewed by Nancy Dunlap an investigator for the public defenders office while I was incompetent in the infirmaries psych close observation room, without anyone from the mental health department supervising the interview.

Subsequently, on Oct 21, 2003 I was forced to stand trial without the Superior Court being informed of my mental health care status from the date of my admission into the H.R.Y.C.I, in which was that I was incompetent at the date of my arrest.

Said lack of mental health supervision has caused me atypical and significant hardship of being incarcerated in a prison instead of a mental health facility.

I wrote correspondences to Stanley Taylor, Raphel Williams, and Dr. Boston, but they either did not act or respond. I filed grievance in accordance to grievance procedure 4.4, but to no avail.

Paragraph # 28 defines violations of my patient rights, as well as violations of my 6th, 8th and 14th U.S.C.A

(Paragraph # 29)

In regards to my being a cronic care mental health care patient, I have been subjected to numerous disciplinary procedures that were brought to the attention of Don Napolin, Debra Muskarelli, Dr Joshi, Dr Boston, mental health care providers, but no one from the mental health care staff conducted a psychological assessment of competency, a competency hearing and or represented my cronic care mental health patient status during disciplinary procedure and or during classification hearings. Lack of mental health care representation caused me atypical and significant hardship of being classified to disciplinary & maximum security units that do not provide adequate mental health treatment or a higher quality of life status, that would allow me to obtain work credits and or work release credits.

I wrote correspondences to Stanley Taylor, Raphel Williams, Dr Boston, but they either failed to act and or respond. I also filed grievance in accordance to grievance procedure 4.4 but to no avail.

Paragraph # 29, defines violations of my patient rights, as well as violations of my 8TH and 14TH U.S.C.A

see attached exhibits

( Paragraph # 30 )

Donald Napolin, mental health care provider came
to be in possession of (5) medical grievances
I filed # 05 - 11280, # 05 - 11286, # 05 - 11289,
# 05 - 11290, # 05 - 11291.

but instead of processing them, he refused to
acknowledge them. Said denial caused me
atypical and significant hardship defined in
said grievances.

I wrote correspondences to Stanley Taylor,
Raphel Williams, Dr Boston but they either
failed to act and or respond. I also filed
grievance in accordance with grievance procedure
4.4, but to no avail.

Paragraph #30 defines deliberate
violations of my patient rights, as well as
violations of my 8TH and 14TH U.S.C.A

see attached exhibits

(Paragraph # 31)

The Delaware Department of Corrections Commissioner, Stanley Taylor in his official capacity failed to properly train, supervise, act and or control the following D.O.C employee's

1.) Raghel Williams, The H.R.Y.C.I warden, as this complaint states herein in paragraph's #'s, 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30

2.) Major Dave Williams, The H.R.Y.C.I Security Superintendant, as this complaint states herein paragraph's #'s, 2, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24

3.) Thomas L. Carrol, The Delaware De. Correctional Center's Warden, as this complaint states herein paragraph's 7, 25

4.) Capt David Bamford, a ~~commanding~~ shift officer at the H.R.Y.C.I, as this complaint states herein paragraphs 11, 23.

5.) Capt Mark Emig a H.R.Y.C.I capt, as this complaint states herein paragraph #'s, 2, 10, 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, 24.

6.) Capt Berggrun, a H.R.Y.C.I capt, as this complaint states herein paragraph #'s, 9, 17, 18.

(cont paragraph # 31, p.2)

7.) Dr. Boston, Chief executive officer for the mental health personal at the H.R.Y.C.I, as this complaint states herein paragraphs 1, 2, 5, 8, 9, 10, 11, 12, 27, 28, 29, 30

8.) P.A Froh, head director of medical services at the H.R.Y.C.I, as this complaint states herein paragraph #'s, ~~illegible~~ 1, 3, 5

9.) Dr. Joshi, Psychiatrist at the H.R.Y.C.I, as this complaint states herein paragraph #'s 1, 26

10.) Dr Arumburo, Physician at the H.R.Y.C.I, as this complaint states herein paragraph # 26, 6

11.) Dr Ali, Physician at the H.R.Y.C.I, as this complaint states herein paragraph # 7.

12.) Dr Rogers, Physician at the D.C.C, as this complaint states herein paragraph # 26

13. Georgia Sutton, head director of medical services at the H.R.Y.C.I, as this complaint states herein paragraph #'s 1, 3, 4, 5, 6, 7

14.) April Lyonna, head director of medical service's at the H.R.Y.C.I, as this complaint state herein paragraph #'s, 1, 2, 4, 6, 7, 3

(paragraph # 32)

The H.R.Y.C.I warden Raphel Williams in his official capacity failed to properly train, supervise, act and or control the following D.O.C employee's:

1.) major Dave Williams, the H.R.Y.C.I security Superintendant, as this complaint states herein paragraph #'s 2, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24

2.) Capt David Bamford, a ~~mentiom~~ shift offices at the H.R.Y.C.I, as this complaint states herein paragraph # 11, 23

3.) Capt Mark Emig a H.R.Y.C.I capt, as this complaint states herein paragraph #'s, 2, 10, 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, 24.

4.) Capt Berggren, ~~mum~~ 12 TO 8 shift officer at the H.R.Y.C.I, as this complaint states herein paragraph #'s 9, 17, 18

5.) Dr. Booton, mental health supervior at the H.R.Y.C.I, as this complaint states herein paragraph #'s 1, 2, 5, 8, 9, 10, 11, 12, 27, 28, 29, 30

(cont paragraph # 32, P. 2)

6.) P. A Froh, head director of medical services at
The H. R. Y. C. I, as this complaint states herein
paragraph #'s 1, 3, 5

7.) Dr. Joshi, Psychiatrist at the H. R. Y. C. I, as This
complaint states herein paragraph #'s 26, 6, 1

8.) Dr. Arumbaso, Physician at the H. R. Y. C. I as this
complaint states herein paragraph # 26, 6,

9.) Dr. Ali, Physician at the H. R. Y. C. I, as this
complaint states herein paragraph # 7

10.) ~~Meorgia~~ Georgia Sutton, acting head director of medical
services at the H. R. Y. C. I, as this complaint states
herein paragraph #'s 1, 3, 4, 5, 6, 7

11.) April Lyonns, head director of medical services
at the H. R. Y. C. I, as this complaint states
herein paragraph #'s 1, 2, 4, 6, 3, 7.

said failure define violations of my patient
right, as well as violations of my 8TH & 14TH
U. S. C. A rights.

(Paragraph # 33)

The Delaware Correctional Centers Warden
Thomas L. Carrol in his official capacity failed
to properly Train, supervise, act and or control
the following D.C.C employee's;

1.) Dr. Rogers, Physician at the D.C.C, as this
complaint states herein paragraph # 26

2.) CPL Lise M. Merson, Inmate grievance chairperson
at the D.C.C, as this complaint states herein
paragraphs, 39.

Paragraph # 33 define violations of my
patient rights, as well as violations of my
8TH and 14TH U.S.C.A rights

(paragraph # 34)

Dr Booton, head mental health facilitator at the
H.R.Y.C.I, in her official capacity failed to
train, supervise, act and or control, the following
mental health care employee's or conditions:

1.) Dr. Joohi, psychiatrist at the H.R.Y.C.I, as this
complaint states herein paragraph # 26, 1, 29, 28,
27,

2.) Debra Muskarelli, mental health counselor, at the
H.R.Y.C.I, as this complaint states herein paragraph #
29, 28, 27, 8

3.) Donald Napolin, mental health counselor at the
H.R.Y.C.I, as this complaint states herein
paragraph # 30, 29, 28, 27

paragraph # 34 define violations of my
patient rights, as well as violations of my
8TH and 14TH U.S.C.A

( paragraph # 35 )

P.A Fish head medical facilitator of the medical department at the H.R.Y.C.I, in his official capacity failed to properly train, supervise, act and or control the following employee's or conditions:

1.) Dr. Arumburo, Physician at the H.R.Y.C.I, as this complaint states herein paragraphs 26, 6

2.) Dr. Ali, Physician at the H.R.Y.C.I, as this complaint states herein paragraph # 7.

3.) Nurse Diane Hernandez, as this complaint states herein paragraph # 3.

4.) Nurse Inna, as this complaint states herein paragraph # 3

5.) Nurse Jeromy, as this complaint states herein paragraph # 3

paragraph # 35 define violations of my patient rights, as well as violations of my 8TH and 14TH USC.A

(Paragraph # 36)

Georgia Sutton, head medical facilitator of the medical department at the H.R.Y.C.I, in her official capacity failed to properly train, supervise, act and or control the following employee's or conditions:

1.) Dr. Arumburo, Physician at the H.R.Y.C.I, as this complaint states herein paragraphs 36, 6

2.) Dr. Ali, Physician at the H.R.Y.C.I, as this complaint states herein paragraph # 7

3.) Diane Hernandez, nurse at the H.R.Y.C.I, as this complaint states herein paragraph # 3

4.) Inna, nurse at the H.R.Y.C.I, as this complaint states herein, paragraph # 3

5.) Jeromy, nurse at the H.R.Y.C.I, as this complaint states herein paragraph # 3

Paragraph # 36 define violations of my patient rights, as well as violations of my 8TH and 14 TH U.S.C.A

( Paragraph # 37 )

April Lyonns, head medical facilitator of the medical department at the H.R.Y. C.I, in her official capacity failed to properly train, supervise, act or control the following employees or conditions:

1). Dr Arumburo, Physician at the H.R.Y. C.I, as this complant states herein paragraph #, — 26, 6

2) Dr. Ali, physician at the H.R.Y. C.I, as this complant states herein paragraph # 7

3.) Diane Hernandez, nurse at the H.R.Y.C.I, as this complant states herein paragraph # 3

4.) Inna, nurse at the H.R.Y.C.I, as this complaint states herein paragraph # 3

5) Jeromy, nurse at the H.R.Y.C.I, as this complaint states herein paragraph # 3

Paragraph # 37 define violations of my patient rights, as well as violations of my 8TH and  14TH U.S.C.A

(paragraph # 38)

Sgt Mary Moody, The inmate grievance chairperson at the H.R.Y.C.I, in her official capacity deliberately denied me the right to properly address my non medical grievances, as well as several of my medical grievances in accordance to grievance procedure 4.4, by unjustifiable sabotaging my grievances, to hindering and or simply denying my being able to obtain an exceptable resolution.

1.) at the H.R.Y.C.I, a-k-a, The M.P.C.J.F. there is only one inmate grievance chairperson (I.G.c) who facilitates for the intire inmate population of 1,200 to 1,500 inmates. This would be the reasoning I would often receive in regards to grievances I filed being in limbo.

2.) Sgt M. Moody would forward me responses, stating that my grievance is non-grievable because someone else has grieved said issue.

3.) Sgt M. Moody would forward me responses stating that my grievance is non grievable due to it being an alleged duplication, I would receive a totally unrelated grievance number on the non grievable response, but my request to receive a photo copy of said duplication was denied and or referred to Major Dave Williams, the Security Superintendent whom would deny my request for said duplication.