

STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## MEMORANDUM

TO:        Jimmie Lewis, 506602
           1E Pod

FROM:      Warden Raphael Williams

DATE:      February 15, 2005

SUBJ:      **YOUR RECENT CORRESPONDENCE**

Interstate transfers occur through the classification process. Please work with your unit counselor.

RW:adc

**DISTRIBUTION**

Michele Salter, Unit Counselor
File

*EXHIBIT # 7*



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19801
Telephone: (302) 429-7719
Fax: (302) 429-7708

Dave Williams
Security Superintendent

## *MEMORANDUM*

*TO:*      *Jimmy Lewis # 506622*
           *1E*

*FROM:*    *Major Dave Williams*   2/22

*DATE:*    *February 22, 2005*

*SUBJ:*    **YOUR RECENT CORRESPONDENCE**

    *This office is in receipt of your recent correspondence.  Your request for all disciplinary and incident reports pertaining to you during your incarceration here at HRYCI is denied.  The information you request is confidential and released by subpoena only.*

*DW:sm*

**DISTRIBUTION**

*File*



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## *MEMORANDUM*

*TO:*         *Jimmy Lewis, 506622*
              *1E Pod*

*FROM:*       *Warden Raphael Williams*

*DATE:*       *December 28, 2004*

*SUBJ:*       **YOUR RECENT CORRESPONDENCE**

    *Your recent correspondence, to this office, has been forwarded to Sergeant Mary Moody for any action or response deemed appropriate.*

*RW:adc*

**DISTRIBUTION**

*Sergeant Mary Moody*
*File*



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## *MEMORANDUM*

*TO:*      *Jimmie Lewis, 506622*
           *1E Pod  15*

*FROM:*      Warden Raphael Williams

*DATE:*      *January 7, 2005*

*SUBJ:*      *YOUR RECENT CORRESPONDENCE*

      *Your recent correspondence, to this office, has been forwarded to Captain David Bamford and Captain Philip Parker for any action or response deemed appropriate.*

*RW:adc*

**DISTRIBUTION**

*File*



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## *MEMORANDUM*

*TO:*        Jimmie Lewis, 506622
            1E Pod

*FROM:*      Warden Raphael Williams

*DATE:*      January 4, 2005

*SUBJ:*      **YOUR RECENT CORRESPONDENCE**

  *Your recent correspondence, to this office, has been forwarded to Captain David Bamford for any action or response deemed appropriate.*

*RW:adc*

**DISTRIBUTION**

*Captain David Bamford*
*File*



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## *MEMORANDUM*

*TO:*        *Jimmie Lewis, 506622*
             *1E Pod*

*FROM:*      *Warden Raphael Williams*

*DATE:*      *January 4, 2005*

*SUBJ:*      **YOUR RECENT CORRESPONDENCE**

    *Your recent correspondence, to this office, has been forwarded to Captain David Bamford for any action or response deemed appropriate.*

*RW:adc*

**DISTRIBUTION**

*Captain David Bamford*
*File*



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

## *MEMORANDUM*

**TO:**     *Jimmie Lewis, 506622*
            *1B Pod*

**FROM:**   ~~*Warden Raphael Williams*~~

**DATE:**   *March 23, 2005*

**SUBJ:**   ***YOUR RECENT CORRESPONDENCE***

    *Your recent correspondence to this office has been forwarded to Captain Mark Emig for any action or response deemed appropriate.*

*RW:adc*

**DISTRIBUTION**

*Captain Mark Emig*
*File*



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
HOWARD R. YOUNG CORRECTIONAL INSTITUTION
1301 EAST 12TH STREET
WILMINGTON, DELAWARE 19809
Telephone: (302) 429-7747
Fax: (302) 429-7716

Raphael Williams
Warden IV

### *MEMORANDUM*

TO:     *Jimmy Lewis, 506622*
        *1E Pod*

FROM:   *Warden Raphael Williams*

DATE:   *December 28, 2004*

SUBJ:   ***YOUR RECENT CORRESPONDENCE***

*Your recent correspondence, to this office, has been forwarded to Sergeant Mary Moody for any action or response deemed appropriate.*

*RW:adc*

**DISTRIBUTION**

*Sergeant Mary Moody*
*File*

# Harriet Tubman Safe House, Inc
## Sentence Letter

NAME _JIMMIE LEWIS_          SBI _506622_

DOB _12/25/66_

Sentence Date _2/11/05_   POD# _____

Case Number _0305016966_

District Attorney _BRIAN J. ROBERTSON_

Public Defender _JOHN S. EDINGER JR_

Judge _PEGGY L. ABLEMAN_

Court _SUPERIOR COURT, NEW CASTLE CO._

Probation/Parole Officer _D/A_

Arrest Date _5/26/2003_

Offenses/Charges _2° CARJACKING BY DURESS_
_4° THEFT $1000 OR GREATER_
_RESISTING ARREST_

Signature _Jimmie Lewis_          Date _2/15/05_



**HARRIET TUBMAN'S SAFE HOUSE, INC.**
914 EAST 7ᵗʰ STREET
WILMINGTON DE 19801
Home: (302) · ᴵˢ        Office: 425-5758
Cell: (302) :        x: (302) 425-5758

EARL W. WOODLEN, Jr. STREET ADVISOR

**FREE ONE YEAR DRUG PROGRAMS**
BOUNTY HUNTER FOR:
STREET WALKERS, DRUG ADDICTS & DEALERS
**I'M HERE TO HELP ON ANY MATTER**

# TROSA

About TROSA   Businesses   Vocational Training   Education   Aftercare   TROSA Life   Contact Us

Mission          History          Resident Profile    Success Stories       Awards          How to Apply

The process to become a resident a TROSA is different depending on whether or not the individual who is applying to TROSA is incarcerated. Please read the processes below and follow the procedures described.

## If the applicant is incarcerated

1. The applicant must write a 2-3 page autobiography and send it to TROSA, addressed to the Intake Specialist. In the autobiography, the applicant must specifically ask for help from TROSA. As part of the application process, it is helpful if the applicant's attorney contacts the Intake Specialist.

2. The Intake Specialist will read the applicant's letter and determine whether or not the applicant will be interviewed. TROSA representatives conduct interviews every Saturday, and the Intake Specialist will contact the applicant if an interview will be arranged.

3. TROSA representatives will interview the applicant. At the end of the interview, the TROSA representatives will make a decision about whether or not the applicant has been accepted into TROSA. The applicant will be told immediately about the decision.

4. The Monday after the Saturday interview, acceptance letters will be sent to the applicant or to the applicant's lawyers. At that point, the final decision as to whether or not an individual can come to TROSA is in the hands of the residing Judge of the applicant's case.

## If the applicant is not incarcerated

1. The applicant must come to TROSA for a face-to-face interview. Interviews are done on a walk-in basis, Monday through Saturday, between 9:00 AM and 3:00 PM. The interview process typically lasts around an hour and a half. All applicants must arrange their own transportation to and from TROSA.

2. TROSA representatives will interview the applicant. At the end of the interview, the TROSA representatives will make a decision about whether or not the applicant has been accepted into TROSA. The applicant will be told immediately about the decision.

3. If the applicant has been accepted into TROSA and the applicant has no pending charges, the applicant can begin their residency at TROSA that very same day. However, if the applicant has pending charges, the charges must be resolved before the applicant can come into the TROSA program.

If you have further questions, please contact the Intake Department at (919) 419-1059 or via email, intake@trosainc.org.

# TROSA

## This Chart Describes the Proper Pocedures for in-state applicants



Initial letter of request and autobiography is written by the applicant and sent to:
TROSA Intake Department
1820 James Street
Durham, NC 27707

Intake Department recieves letter. Applicant is put on list and considered for an interview

If Applicant is in a Local NC Jail

If Applicants is in an NC Prison, or a jail outside of a 3 hour radius of Durham

Applicant will recieve a face-to-face- interview within 2-3 weeks of TROSA receipt of letter

A Questionare and an Information sheet is mailed out.

Applicant Must Be Within 3 Months of Release or Up for Modification of Sentence

Once a Questionaire is Returned, TROSA will Contact Person Noted on the Questionaire and Schedule a Telephone Interview

If not Accepted

A Decision Will Be Made Immediately

A Letter Will Be Sent to Confirm Non-Acceptance

Applicant Will Place Call (no collect calls) to TROSA at Scheduled Time and Date and Recieve a 30-40 min. Telephone Interview

If Accepted

Any Conditions Placed on Acceptance Will Be Noted in the Letter and Must Be Met Before a tentative Acceptance

A Letter Will Be sent Confirming a tenative Acceptance and Any Other Conditions Required for Acceptance

Upon Arrival, Applicant must bring copies of his or her judgement papers, verification that there are no other pending charges, and the probation officer's contact information from the county of origin. The Applicant may be subject to a reinterview upon arrival

TROSA Printing & Graphics

# SENTENCING WORKSHEET

556622

| | Time: | Sent to Judge: |

| Defendant Name: | | Date: 02-11-05 |
| AKA: Lewis Jimmy | | Judge: PLA |
| ID Number: 03050169166 | | DOB: 12-25-66 |

| Criminal Action Number: | Charge: |
| Prefix IN Number 03-06-0175 Suffix | Carjacking 2nd |

## FINANCIAL

| ❑ Pay Costs | ❑ Costs Suspended | ❑ Pay Fine $ | ❑ 15%  ❑ 18% | ❑ Fine Suspended: |

## IMPRISONMENT/PROBATION

| ❑ In Violation of Probation/Contempt | ❑ Revoked | ❑ Continued | ❑ Modified | ❑ Discharged |

Effective:

Be imprisoned for __5__ years _____ months _____ days  At Level __5__

Beginning: _____

Ending: _____

Eff Date: 5/26/03

Level 5 Treatment: _____

| ❑ Min. Mandatory Time: _____ | Title/Sec: _____ | ❑ Credit for | ❑ Time Served |

❑ Suspended Immediately

❑ Susp After _____ ❑ time served for _____ at Level _____ ❑ Plummer/Home Conf/Day Reporting

❑ Susp After _____ ❑ time served for _____ at Level _____ ❑ Plummer/Home Conf/Day Reporting

❑ Susp After _____ ❑ time served for _____ at Level _____ ❑ Plummer/Home Conf/Day Reporting

Followed By: _____ at Level _____ Balance at Level _____

| Probation for | at Level | Suspended after | for | at Level |

| ❑ Consecutive to: | ☒ Concurrent with: |

| ❑ Level 4 Sentence, Hold at: (circle one)   3   5 | ❑ Guilty but Mentally Ill, to be confined at Delaware Psychiatric Center (Delaware State Hospital) until competent. |

| RESTITUTION | TO: | | Amount: |
| ❑ Determined by Presentence Memo | Address: | | |

| CONDITIONS | ❑ Pay costs, fines, restitution during | ❑ Probationary period   ❑ Previously Ordered |

| ❑ Work Referral | ❑ TASC Supervision/Evaluation | | ❑ SEX OFFENDER: | (circle one) |
| ❑ Pay Costs of Supervision | ❑ One Time Fee | ❑ Determined by Probation | Registration/Community Notification | COMMITMENT |
| ❑ Community Service: _____ Hours | | | Required. Level 1-4 | |
| ☒ No Contact with Patrick Geer | ❑ Victim   ❑ Codefendant | | Sentence: Super Ct to provide notice | RELEASE |
| ❑ No Driving for _____ | | | and register deft. | |
| ☒ Subst Abuse Eval | ❑ Alcohol Treatment | ☒ Mental Health | Level 5 Sentence: | DEFERRED |
| ❑ Residential Drug/Alc | ❑ Job Training | ❑ Obtain GED | Dept of Correction | COMMITMENT |
| ❑ Outpatient Drug/Alc | ❑ Fully Employed | ❑ Random Urinalysis | to provide notice | |
| ❑ 4177 DUI Program | ❑ Zero Tolerance | | and register deft. | |
| ❑ Follow Original Conditions of Probation ☒ Anger Management | | | | |

☒ Nolle Prosses entered on remaining charges

☒ Nolle Prosses entered on Criminal Action Number(s): _____

| PR $ |
| SH $ |
| TOTAL $ |

| DEF ATTY: Edinger | DAG: Robertson | CLERK: Ferry | CT. REP: Coale |

Document Control No : 02-03-10-98-09-02

02/16/2005  12:18  302........    PAGE  02/03

# SENTENCING WORKSHEET  506644

Time: _____  Sent to Judge: _____

| | |
|---|---|
| Defendant Name: | Date: 02-11-05 |
| AKA: Lewis Jimmy | Judge: PLA |
| ID Number: D305616966 | DOB: 12-25-66 |

| Criminal Action Number: | Charge: |
|---|---|
| Prefix IN  Number 03-06-0176  Suffix | Theft 1000 or > |

FINANCIAL

| ☐ Pay Costs | ☐ Costs Suspended | ☐ Pay Fine $ | ☐ 15% ☐ 18% | ☐ Fine Suspended: |
|---|---|---|---|---|

IMPRISONMENT/PROBATION

| ☐ In Violation of Probation/Contempt | ☐ Revoked | ☐ Continued | ☐ Modified | ☐ Discharged |
|---|---|---|---|---|

Effective: _____

Be imprisoned for  2  years _____ months _____ days  At Level  5

Level 5 Treatment: _____

Beginning: _____
Ending: _____
Eff Date: _____

| ☐ Min. Mandatory Time: _____ | Title/Sec: _____ | ☐ Credit for | ☐ Time Served |
|---|---|---|---|

☐ Suspended Immediately

☒ Susp After  1Y  ☐ time served for  1Y  at Level  4  ☒ Plummer/Home Conf/Day Reporting

☒ Susp After  6m  ☐ time served for  6m  at Level  3  ☐ Plummer/Home Conf/Day Reporting

☐ Susp After _____ ☐ time served for _____ at Level _____ ☐ Plummer/Home Conf/Day Reporting

Followed By: _____ at Level _____  Balance at Level _____

| Probation for | at Level | Suspended after | for | at Level |
|---|---|---|---|---|

| ☐ Consecutive to: | ☒ Concurrent with: |
|---|---|

| ☐ Level 4 Sentence, Hold at: (circle one)   3   5 | ☐ Guilty but Mentally Ill, to be confined at Delaware Psychiatric Center (Delaware State Hospital) until competent. |
|---|---|

| RESTITUTION | TO: | Amount: |
|---|---|---|
| ☐ Determined by Presentence Memo | Address: | |

| CONDITIONS | ☐ Pay costs, fines, restitution during _____ | ☐ Probationary period | ☐ Previously Ordered |
|---|---|---|---|

☐ Work Referral
☐ Pay Costs of Supervision
☐ Community Service: _____ Hours
☐ No Contact with _____
☐ No Driving for _____
☐ Subst Abuse Eval
☐ Residential Drug/Alc
☐ Outpatient Drug/Alc
☐ 4177 DUI Program
☐ Follow Original Conditions of Probation

☐ TASC Supervision/Evaluation
☐ One Time Fee
☐ Determined by Probation
☐ Victim   ☐ Codefendant

☐ Alcohol Treatment
☐ Job Training
☐ Fully Employed
☐ Zero Tolerance

☐ Mental Health
☐ Obtain GED
☐ Random Urinalysis

☐ SEX OFFENDER: Registration/Community Notification Required. Level 1-4 Sentence: Super Ct to provide notice and register deft. Level 5 Sentence: Dept of Correction to provide notice and register deft.

(circle one)
COMMITMENT
RELEASE
DEFERRED COMMITMENT

☒ Nolle Prosses entered on remaining charges
☒ Nolle Prosses entered on Criminal Action Number(s): _____

| PR $ |
|---|
| SH $ |
| TOTAL $ |

| DEF ATTY: Edinger | DAG: Robertson | CLERK: Ferry | CT. REP: Coale |
|---|---|---|---|

Document Control No.: 02-03-10-98-09-02

# SENTENCING WORKSHEET

Time: _____ Sent to Judge: _____

| Defendant Name: | Date: 02-11-05 |
| Lewis, Jimmy | Judge: PLA |
| AKA: | DOB: 12-25-66 |
| ID Number: D305D16966 | |

| Criminal Action Number: | Charge: |
| Prefix IN  Number 03-06-0177  Suffix | Resist Arrest |

## FINANCIAL

| ☐ Pay Costs | ☐ Costs Suspended | ☐ Pay Fine $ | ☐ 15% ☐ 18% | ☐ Fine Suspended: |

## IMPRISONMENT/PROBATION

| ☐ In Violation of Probation/Contempt | ☐ Revoked | ☐ Continued | ☐ Modified | ☐ Discharged |

Effective: _____

Be imprisoned for _____ years _____ months _____ days  At Level 5

Level 5 Treatment: _____

Beginning: _____
Ending: _____
Eff Date: _____

| ☐ Min. Mandatory Time: _____ Title/Sec: _____ | ☐ Credit for | ☐ Time Served |

☒ Suspended Immediately

☐ Susp After _____ ☐ time served for 1 Y at Level 2 ☐ Plummer/Home Conf/Day Reporting

☐ Susp After _____ ☐ time served for _____ at Level _____ ☐ Plummer/Home Conf/Day Reporting

☐ Susp After _____ ☐ time served for _____ at Level _____ ☐ Plummer/Home Conf/Day Reporting

Followed By: _____ at Level _____ Balance at Level _____

Probation for _____ at Level _____ Suspended after _____ for _____ at Level _____

| ☐ Consecutive to: | ☒ Concurrent with: |

| ☐ Level 4 Sentence, Hold at:  (circle one)  3  5 | ☐ Guilty but Mentally Ill, to be confined at Delaware Psychiatric Center (Delaware State Hospital) until competent. |

| RESTITUTION | TO: | Amount: |
| ☐ Determined by Presentence Memo | Address: | |

| CONDITIONS | ☐ Pay costs, fines, restitution during _____ | ☐ Probationary period ☐ Previously Ordered |

| ☐ Work Referral | ☐ TASC Supervision/Evaluation | ☐ SEX OFFENDER: Registration/Community Notification Required. Level 1-4 Sentence: Super Ct to provide notice and register deft. Level 5 Sentence: Dept of Correction to provide notice and register deft. | (circle one) COMMITMENT RELEASE DEFERRED: COMMITMENT |
| ☐ Pay Costs of Supervision | ☐ One Time Fee | ☐ Determined by Probation | | |
| ☐ Community Service: _____ Hours | | | |
| ☐ No Contact with _____ ☐ Victim ☐ Codefendant | | | |
| ☐ No Driving for _____ | | | |
| ☐ Subst Abuse Eval | ☐ Alcohol Treatment | ☐ Mental Health | | |
| ☐ Residential Drug/Alc | ☐ Job Training | ☐ Obtain GED | | |
| ☐ Outpatient Drug/Alc | ☐ Fully Employed | ☐ Random Urinalysis | | |
| ☐ 4177 DUI Program | ☐ Zero Tolerance | | | |
| ☐ Follow Original Conditions of Probation | | | |

☒ Nolle Prosses entered on remaining charges
☒ Nolle Prosses entered on Criminal Action Number(s):

| PR  $ |
| SH  $ |
| TOTAL $ |

| DEF ATTY: Ellinger | DAG: Robertson | CLERK: Ferry | CT. REP: Coale |

Document Control No.: 02-03-10-98-09-02

EXIBIT # 6

DISCIPLINARY DATES
REQUESTED

JIMMIE LEWIS
SBI # 506622

| | | |
|---|---|---|
| 7 - 6 - 2003 | 9 - 26 - 2003 | 5 - 03 - 2004 |
| 7 - 7 - 2003 | 9 - 27 - 2003 | 10 - 26 - 2004 |
| 7 - 21 - 2003 | 10 - 02 - 2003 | 11 - 07 - 04 |
| 7 - 24 - 2003 | 12 - 10 - 2003 | 11 - 19 - 2004 |
| 8 - 13 - 2003 | 1 - 05 - 2004 | 12 - 02 - 2004 |
| 8 - 15 - 2003 | 1 - 25 - 2004 | 12 - 04 - 2004 |
| 9 - 11 - 2003 | 1 - 30 - 2004 | 12 - 06 - 2004 |
| 9 - 14 - 2003 | 2 - 07 - 2004 | 2 - 02 - 05 |
| 9 - 15 - 2003 | 3 - 03 - 2004 | 2 - 17 - 05 |
| 9 - 16 - 2003 | 3 - 04 - 2004 | |
| 9 - 19 - 2003 | 4 - 14 - 2004 | |
| 9 - 23 - 2003 | 4 - 23 - 2004 | |
| 9 - 25 - 2003 | 4 - 28 - 2004 | |

P. 2

FORM #: 127 (F&B)
(2-part NCR)
Revised: 6/01

NOTICE OF DISCIPLINARY HEARING
FOR MINOR MAJOR OFFENSE

To be completed by
Hearing Office
DR # 3004452

TO:    Inmate: _LEWIS, JIMMY_    SBI#: _506622_    HOUSING UNIT: _INF_

1. You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122.)

2. At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.
How do you plead?    [  ] Guilty    [X] Not Guilty

3. A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Written Reprimand
   b. Loss of one or more privileges for a period of time of more than 24 hours but less than 5 days.

4. A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
   a. Loss of one or more privileges for a period of more than 15 days but less than 90 days.
   b. Confinement to assigned quarters for a period of time not to exceed 30 days.
   c. Isolation confinement for a period of time not to exceed 30 days.
   d. Loss of good time for a period not to exceed 30 days.
      (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.)

5. You have the right in the disciplinary process as stated on the lower and back of this page. These have been fully explained to you at the time of this notification.

6. Counsel requested?    [  ] Yes    [X] No    Name of Counsel: _____

7. Witness requested?    [X] Yes    [  ] No    Name(s) of Witness: _HALLEY  #17 (1D)_
                                                            _Brown, T-CS cu #17_
                                                                    _1D_
8. Confront accuser?    [X] Yes    [  ] No

I certify that on _4/23/04_ at _1245_, I served
              (date)         (time)
upon the above inmate this notice of Disciplinary
Hearing for Minor/Major Offense and (2) the
Disciplinary Report is attached hereto.

I have received copies of 122 & 593 and
understand my rights as Form #593 has been read
to me.

_Sergeant  Fred Hy_
(Employee's Signature & Title)

_____
(Inmate's Signature)

**INMATE RIGHTS IN THE DISCIPLINARY PROCESS**

MINOR OFFENSE

Right to Remain Silent: If you are charged criminally based upon the same facts giving rise to the disciplinary process, you have the right to remain silent at the Disciplinary Hearing. In all other circumstances, silence at the Disciplinary Hearing may be considered against you.

Presence: You have the right to be present at all phases of the hearing, except that you may be excluded during the Hearing Officer's deliberations and at any time your behavior becomes disruptive to the proceedings. Reason for such exclusions shall be stated in writing.

WHITE – Shift Commander W/Form 122        YELLOW - Inmate

1301 E. 12th Street
WILMINGTON DE. 19809
Phone No. 302-429-7700

*EXHIBIT K, P. 1*

## DISCIPLINARY REPORT

Disciplinary Type: Class1      Housing Unit: Infirmary      IR#: 3006591

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|------|-------------|------------|----------------------|------|------|
| 00506622 | Lewis. Jimmy | HRYCI | Pod 1D | 04/23/2004 | 09:50 |

Violations: 1.06/200.203 Disorderly or Threatening Behavior, 1.13 Fighting

Witnesses:1.Armstrong, Archie     2. N/A        3. N/A

### Description of Alleged Violation(s)

On Or About 4-23-04 At Approximately 0950, On 1-D-Pod, I/M Davis, William Sbi# 00162762, Cell#15 And I/M Lewis, Jimmy Sbi 00506622, Cell#5 Were Arguing On The Dayroom Floor, During Chow. It Became Disorderly And Threatening, Then Punches Were Thrown By Inmates. I C/O Armstrong Gave Both Inmates A Direct Order To Lock-In. Both Inmates Proceeded To Lock-In With N Further Problems.

Reporting Officer: Armstrong, Archie (Correctional Officer)

### Immediate Action Taken

Immediate action taken by: Armstrong, Archie -Correctional Officer

Notified Lead Worker

### Offender Disposition Details

Disposition: Other        Date:04/23/2004    Time: 12:48    Cell secured? Yes

Reason: N/A

Disposition Of Evidence: N/A

### Approval Information

Approved:☐     Disapproved:☐     Approved By: ()

Comments: N/A

### Shift Supervisor Details

Date Received: 04/23/2004     Time: 12:48     Received From:

Shift Supervisor Determination:

[ ] Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X] Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearin

_____ , ()

I have received a copy of this notice on DATE: 4/23/04     TIME: 1245    and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

Preliminary Hearing
Officer:    Sergant Fred Way      Offender: _____
       Way, Fred III            Lewis, Jimmy

1301 E. 12th Street
WILMINGTON DE, 19809
Phone No. 302-429-7700

## DISCIPLINARY HEARING DECISION

Inmate : Lewis, Jimmy                                    SBI#:00506622        Type:Class 1

Institution:HRYCI Howard R.Young Correctional Institution    Hearing Date: 11/21/2004    Time: 13:30

Inmate Present: Yes        Reason(If No): N/A

Violation: 1.10 Failure to Abide by Sanctions or Conditions of a Class I or Class II Disciplinary Action, 2.06/200.108 Failing to Obey an Order, 2.11/200.102 Off Limits

Inmate PLEA: Not Guilty

Inmate Statement: Inmate states that he was never informed of the 24 hrs loap and feels that he didn't have a 24hr loap. Feels he should be able to confront his accuser. Is questioning the hearing process. Stated that he was never served properly because of his PCO II status

Witness Name: Cannon, C/O

Testimony : Sumitted report on incident

Witness Name: Gassner, C/O

Testimony : N/A

Decision :Guilty

Rational : Do to the Officers report I feel that the Inmate was aware of his LOAP and in that case he is found guilty of the charge

Sanctions: N/A

HEARING OFFICER'S SIGNATURE _____

Sheets, Patrick

I understand that I may appeal the decision of a Class II Hearing to the Class I Hearing Officer. I may appeal the decision of a Class I Hearing to the facility administrator. I also understand that I have 72 hours to submit my notice of appeal in writing to the Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

I [ ]  DO    [X]  DO NOT INTEND TO APPEAL

_____
INMATE's SIGNATURE

## ORDER TO IMPLEMENT SANCTIONS

[X]  Inmate does not wish to appeal        [ ]  Appeal has been denied by Commissioner or Designate

[ ]  Sanctions have been modified          [ ]  Time Limit(72 Hours since hearing) for appeal has expired

It is here by ordered to implement the sanctions:

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Isolated Confinement | 11/07/2004 | 15 | 11/21/2004 |



DR#
3007576

HRYCI Howard R.Young Correctional Institution    Date: 12/21/2004
1301 E. 12th Street
WILMINGTON DE, 19809
Phone No. 302-429-7700

## DISCIPLINARY HEARING DECISION

Inmate : Lewis, Jimmy_                           SBI#:00506622      Type:Class 1

Institution:HRYCI Howard R.Young Correctional Institution    Hearing Date:12/12/2004    Time: 18:00

Inmate Present: No    Reason(If No):The inmate did not cooperate with the proceedings and was making unreasonable demands.

Violation: 1.25/200.202 Sexual Misconduct, 2.05 Disrespect

Inmate PLEA: **Not Guilty**
Inmate Statement:  None

Witness Name: Miller, Stacey_
Testimony : N/A

Witness Name: Ornat, Janet_
Testimony : N/A

Decision :Guilty
Rational : Due to the many write-ups of the same nature and the officers report.
Sanctions: N/A

HEARING OFFICER'S SIGNATURE _____
                                        Sabato, Joseph

I understand that I may appeal the decision of a Class II Hearing to the Class I Hearing Officer. I may appeal the decision of a Class I Hearing to the facility administrator. I also understand that I have 72 hours to submit my notice of appeal in writing to the Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

I [ ]   DO    [X]   DO NOT INTEND TO APPEAL

                                        INMATE's SIGNATURE

### ORDER TO IMPLEMENT SANCTIONS

[X]   Inmate does not wish to appeal              [ ]   Appeal has been denied by Commissioner or Designate

[ ]   Sanctions have been modified               [ ]   Time Limit(72 Hours since hearing) for appeal has expired

It is here by ordered to implement the sanctions:

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Loss of All Privileges | 12/04/2004 | 90 | 03/03/2005 |

SHIFT SUPERVISOR'S
PRE-HEARING DETENTION ORDER

| NUMBER | NAME | INSTITUTION | DATE OF ORDER |
|---|---|---|---|
| #506622 | LEWIS, JIMMY | HRYCI | 4/23/04 |
| | | | TIME OF ORDER |
| | | | 0950 |

1. The above inmate has been accused of committing a major offense and will appear before the Hearing Officer in the near future at a Disciplinary Hearing.

2. The inmate has become a sufficient threat to other inmates, staff members, or himself to warrant pre-hearing detention in that:

    1.06  DISORDERLY AND/or THREATENING BEHAVIOR
    1.13  FIGHTING

3. This order must be reviewed by the Warden or his designee every 24 hours for determination as to whether this inmate remains a sufficient threat to warrant pre-hearing detention.

4. If this order is not reviewed within 24 hours by the Warden or his designee, the inmate shall be returned to his previous status.

5. Any time spent in pre-hearing detention shall be credited against any subsequent sanction imposed by the Hearing Officer.

LT. B. SINGH.
_____
Name of Shift Supervisor

B. Singh
_____
Signature

| REVIEWED BY: | Name | Date and Time | Decision |
|---|---|---|---|
| | | | |

FORM #: 125
(2-part NCR)

FORM #: 127 (F&B)
(.-part NCR)
Revised: 6/01

NOTICE OF DISCIPLINARY HEARING
FOR MINOR/MAJOR OFFENSE

To be completed by
Hearing Office
DR 30 p 7/83

TO:    Inmate: _Lewis  Jimmy_    SBI#: _500622_ .    HOUSING UNIT: _INT_

1.  You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122.)

2.  At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.
    How do you plead?    [  ] Guilty        [✗] Not Guilty

3.  A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
    a.  Written Reprimand
    b.  Loss of one or more privileges for a period of time of more than 24 hours but less than 5 days.

4.  A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
    a.  Loss of one or more privileges for a period of more than 15 days but less than 90 days.
    b.  Confinement to assigned quarters for a period of time not to exceed 30 days.
    c.  Isolation confinement for a period of time not to exceed 30 days.
    d.  Loss of good time for a period not to exceed 30 days.
        (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.)

5.  You have the right in the disciplinary process as stated on the lower and back of this page.  These have been fully explained to you at the time of this notification. ·

6.  Counsel requested?    [  ] Yes    [✓] No        Name of Counsel: _____

7.  Witness requested?    [  ] Yes    [✗] No        Name(s) of Witness: _____
                                                                         _____

8.  Confront accuser?    [✗] Yes    [  ] No                              _____

I certify that on _11· 07 · 04_ at _1125 ._ , I served
              (date)              (time)
upon the above inmate this notice of Disciplinary
Hearing for Minor/Major Offense and (2) the
Disciplinary Report is attached hereto.

I have received copies of 122 & 593 and
understand my rights as Form #593 has been read
to me.

_____Sgt. C. P_____ unczle_        _____Refused_____
(Employee's Signature & Title)              (Inmate's Signature)

································································

INMATE RIGHTS IN THE DISCIPLINARY PROCESS

MINOR OFFENSE
Right to Remain Silent: If you are charged criminally based upon the same facts giving rise to the disciplinary process, you have the right to remain silent at the Disciplinary Hearing. In all other circumstances, silence at the Disciplinary Hearing may be considered against you.

Presence: You have the right to be present at all phases of the hearing, except that you may be excluded during the Hearing Officer's deliberations and at any time your behavior becomes disruptive to the proceedings. Reason for such exclusions shall be stated in writing.

WHITE – Shift Commander W/Form 122        YELLOW - Inmate

## DISCIPLINARY HEARING DECISION

Inmate : Lewis, Jimmy

SBI#:00506622          Type:Class 1

Institution:HRYCI Howard R.Young Correctional Institution

Hearing Date: 04/25/2004          Time: 11:39

Inmate Present: Yes       Reason(If No): N/A

Violation: 1.06/200.203 Disorderly or Threatening Behavior, 1.13 Fighting

Inmate PLEA: Not Guilty

Inmate Statement: I/M Lewis stated that he and I/M Davis exchanged some words. I/M Davis approached him and he felt threatened. He then threw a punch and hit I/M Davis. He backed off before I/M Davis could retaliate. They were then both ordered by the officer to lock in and complied.

Witness Name: Armstrong, Archie

Testimony : N/A

Decision :Guilty

Rational : I/M Lewis admitted to hitting I/M Davis. Although the officer states in the report that punches were thrown, he told me that he only witnessed I/M Lewis throw a punch.

Sanctions: N/A

HEARING OFFICER'S SIGNATURE _____
Parker, Phillip

I understand that I may appeal the decision of a Class II Hearing to the Class I Hearing Officer.I may appeal the decision of a Class I Hearing to the facility administrator.I also understand that I have 72 hours to submit my notice of appeal in writing to the Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

I [ ]  DO     [ ]  DO NOT INTEND TO APPEAL

_____
INMATE's SIGNATURE

### ORDER TO IMPLEMENT SANCTIONS

[X]   Inmate does not wish to appeal          [ ]   Appeal has been denied by Commissioner or Designate

[ ]   Sanctions have been modified            [ ]   Time Limit(72 Hours since hearing) for appeal has expired

It is here by ordered to implement the sanctions:

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Isolated Confinement | 04/23/2004 | 30 | 05/22/2004 |

3004452

1301 E. 12th Street
WILMINGTON DE, 19809
Phone No. 302-429-7700

**DISCIPLINARY REPORT**    EXHIBIT K, P.1

| Disciplinary Type: Class1 | Housing Unit: Infirmary | IR#: 3006591 |

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|------|-------------|------------|----------------------|------|------|
| 00506622 | Lewis, Jimmy | HRYCI | Pod 1D | 04/23/2004 | 09:50 |

Violations: 1.06/200.203 Disorderly or Threatening Behavior, 1.13 Fighting

Witnesses:1. Armstrong, Archie    2. N/A    3. N/A

### Description of Alleged Violation(s)

On Or About 4-23-04 At Approximately 0950, On 1-D-Pod, I/M Davis, William Sbi# 00162762, Cell#15 And I/M Lewis, Jimmy Sbi 00506622, Cell#5 Were Arguing On The Dayroom Floor, During Chow. It Became Disorderly And Threatening, Then Punches Wer Thrown By Inmates. I C/O Armstrong Gave Both Inmates A Direct Order To Lock-In. Both Inmates Proceeded To Lock-In With N Further Problems.

Reporting Officer: Armstrong, Archie  (Correctional Officer)

### Immediate Action Taken

Immediate action taken by: Armstrong, Archie -Correctional Officer

Notified Lead Worker

### Offender Disposition Details

Disposition: Other    Date:04/23/2004    Time: 12:48    Cell secured? Yes

Reason: N/A

Disposition Of Evidence: N/A

### Approval Information

Approved: ☐    Disapproved: ☐    Approved By: ()

Comments: N/A

### Shift Supervisor Details

Date Received: 04/23/2004    Time: 12:48    Received From:

Shift Supervisor Determination:

[ ]    Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]    Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearin

, ()

I have received a copy of this notice on **DATE:** 4/23/04 ___ **TIME:** 1245 ___ and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

Preliminary Hearing
Officer:    Sergant Fred kly    Offender:
            Way, Fred III                    Lewis, Jimmy

I just recently was transferred to 1-A pod from 1-E; while I was on 1E Richard Lewis was my room-mate for a week or so. In that week he decided that he should not be incarcerated and began mule kicking the door!!! This continued for three to four days before I asked him as nicely as I could to stop banging on the door! This caused a conflict between the two of us before the pod officer, c/o Charles intervened and moved inmate Richard Lewis into a different cell.

The delemna now is Richard Lewis is on this pod with his brothers and friends. also, Richard Lewis seems to be scheming. I only seek to prevent any incident that may occurse for which blame may be placed upon me.

I hereby request to speak with a lead worker or a Lt. in regards to this matter

Jimmie Lewis
1A-7
3/4/05   8:35



STATE OF DELAWARE
DEPARTMENT OF CORRECTION
MULTI-PURPOSE CRIMINAL JUSTICE FACILITY
1301 E. 12TH STREET
WILMINGTON, DE 19809

TELEPHONE: (302) 429-7700

FAX: (302) 429-7707

## TRANSFER TO ADMINISTRATIVE SEGREGATION

NAME: _____Lewis, Jimmie_____   SBI NUMBER: _____506622_____

DATE OF ORDER: ___5/3/04___   CURRENT LOCATION: __Infirmary 197__

TIME OF ORDER: ___1714___   NEW LOCATION: ___TBD___

You are hereby being placed on administrative segregation for the following reason (s):

_____   A threat / potential threat to the security and safety of this facility.

__XXX__   Your unacceptable / acting out behavior.

_____   The threat or potential threat of physical harm from others.

_____   Pending a complete investigation for a security violation.

**COMMENTS:** ___You are being placed on administrative segregation because of your continuous acting out .___

_____

_____

## APPROVING AUTHORITY (STAFF LIEUTENANT OR ABOVE):

_____Captain D. Bamford_____
**STAFF TITLE AND SIGNATURE**

DISTRIBUTION
Original:   Warden via Deputy Warden
Copy:       Linda Hunter, Health Services Administrator
            Counselors via Pam Faukner-Minor, Counselor Manager
            Primary Control/Movement Log Officer
            Housing Unit – Module Control
            Resident

FORM#: 465

TO: _Jimm_, _____  SBI: _0056622_

DATE: _4-7-05_

**From:** **CLASSIFICATION OFFICE**

**RE:** **INITIAL CLASSIFICATION**

This is to inform you that the Multi-Disciplinary Team (MDT) has classified you to **MAXIMUM** security. You will be required to complete your treatment plan and follow Institutional rules. Negative behavior, excessive write-ups, or failure to complete your treatment plan may lengthen your stay in a higher security level. You will be assigned a Quality of Life Level (QLL) and an individual treatment plan by your assigned building counselor, who will monitor your progress. Direct questions to your counselor.

**NOTE: This classification is subject to a higher review.**

Inmate Signature: _____

Date: _4-7-05_

Next Review: _6/05_

RA Score: _lv 6/05, 12pt._

**Three Part Form**
**Original: Records**
**Pink: File**
**Yellow: Inmate**
FORM# 960 (3 pt)

P. 3

## HOWARD R. YOUNG CORRECTIONAL INSTITUTION
### RECEPTION AND DIAGNOSTIC UNIT (RDU)
### CLASSIFICATION/TREATMENT DEPARTMENT

# MEMORANDUM

To:    JIMMY  LEWIS -------------------            # ---506622----------------------

STRD_11/01/08_____

From: LT L. JONES

Re:    Classification

On___02/28/05_____ you were recommended by the MDT Board for:  (items checked only)

___ Community (WR) __ Minimum          ___ Medium          _X_Maximum                    security.
    0 – 4 pts            0 – 8 pts              9 – 16 pts          17 pts or more

___ VOP Center       ___ WCF          ___ HRCI          _X_ DCC          ___SCI

___ DUI Program      ___ Key North          ___ New Visions       ___ YCOP

___ Lifeskills       ___ PRC          ___ Alternative To Violence Program (AVP)

___ Mental Health    ___ Mental Health w/Sex Offenders Group

___ Mental Health w/Anger Management

__ Education         ___ Workpool          ___ Greentree          ___ Personal Challenges

___ Family Problems ___ Substance Abuse Reality (SAR)          ___ Transition Unit (1D)

___ Note:  open charge(s) in file          ___ English as a Second Language Program
Note: You were override to maximum, due to your many class one write up.

This **recommendation** will now go to the Central Institutional Classification Board (CICB) for **approval** or **disapproval**.

**NOTE:  You will receive notification from the CICB  ONLY if they disapprove the MDT recommendation.**

*LT JONES*
_____3/3/05_____
    Date

Appendix E

## DELAWARE CORRECTIONAL CENTER — MEMORANDUM

TO: Inmate _____ , SBI# _____ , Housing Unit _SHU_
VIA: Counselor _____
FROM: I.B.C.C.
DATE: _____
RE: Classification Results

Your M.D.T. has recommended you for the following: _____

_____

The I.B.C.C.'s decision is to:

___ Approve _____

___ Not Approve _____

___ Defer _____

___ Recommend _____

___ Not Recommend _____

### BECAUSE:

___ Lack of program participation          ___ Time remaining on sentence
___ Pending disciplinary action            ___ Prior failure under supervision
___ Gradual phasing indicated              ___ Poor institutional adjustment
___ Open charges                           ___ Serious nature of offense
___ Prior criminal history
___ Failure to follow your treatment plan in that you _____

_____

___ You present a current and continuous danger to the safety of staff, other inmates, or the good order of the Institution. Explanation: _____

**OTHER:** ___ Rev : 05/06 _____

### ADDITIONAL COMMENTS:

___ Develop/continue treatment plan with counselor

You will be expected to address the following: _____

_____

Copy to: Classification
         Inmate                                    Form #456
         Institution File                          Revised 11/97



I/M Jimmie Lewis
SBI# 506622 UNIT A-U-7
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977





UNITED STATES POSTAGE
PITNEY BOWES
02 1A
0004395355        OCT 13 2005
$ 04.75⁰
MAILED FROM ZIP CODE 19977



U.S.M.S. X-RAY

Judge Gregory M. Sleet
United States District Court
844. N. King St, Lockbox 19
Wilmington, Delaware
19801