IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CONSOLIDATED |
| v. | ) Civ. No. 05-013-GMS |
| | ) Civ. No. 05-051-GMS |
| WARDEN RAFAEL WILLIAMS, | ) Civ. No. 05-052-GMS |
| et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this _6ᵗʰ_ day of March, 2006, for the reasons set forth in the

Memorandum issued this date,

1.      The plaintiff's motion to amend the complaint (D.I. 18) is GRANTED.

2.      The following claims are DISMISSED without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B) and § 1915A(b)(1):

a.      The plaintiff's claims against defendants Betty Burris, Evelyn Steven,

Collen Bell, unnamed Pod Officers, First Correctional Medical  Staff,  Michael Knight, Internal

Affairs, Internal Affairs Supervisor, Nurse Kimberly Johnson, Sgt. Marg Moody, Cpt. Lise M.

Merson, HYRCI, and Internal Affairs;

b.      The plaintiff's claims against Warden Williams regarding the  intercom

system, transferring without a court order;  pork products,  juice containing saccharin, non-

medical persons serving food, inadequate inmate handbook, access to the commissary, cell

extraction procedure, food service handlers, grievance system, telephone rights, mail

rights/system, outdoor recreation, inmate classification, installation of gates, and video cameras use during cell extractions;

  c.  The plaintiff's claim for denial of access to the courts against defendants Talenti, Emig and Napolin;

  d.  The plaintiff's claims against Commissioner Taylor and Warden Williams regarding religious services and counseling, visits, telephone calls, literature, outdoor recreation, haircuts, law library access, clean uniforms, warm clothing, proper grievance procedure, hygiene products, cleaning supplies, and  meals service;

  e.  The plaintiff's conspiracy claims;

  f.  The plaintiff's  claims of  verbal abuse, verbal harassment, slander, and libel;

  g.  The plaintiff's claim for damages as a result of his conviction and sentence;

  h.  The plaintiff's privacy claim;

  i.  The plaintiff's claims that his grievances were not properly processed;

  j.  The plaintiff's claim regarding the right to obtain work credits and participate in the work release program; and

  k.  The plaintiff's due process claim as to the February 17, 2005, disciplinary report.

  3.  The court has identified several cognizable claims which Lewis may pursue. Lewis may proceed with the following claims:

  a.  Eighth Amendment conditions of confinement claims against defendants

Dr. Joshi, Talenti, Newman, Blue, Warden Williams, Commissioner Taylor, Dr. Boston, Sutton, Fish, Lyonns, Way, Gassner, Hardgrave, Davis, Rodriguez, Cumberback, and Emig;

b.      Eighth Amendment medical claims against defendants FMC, Talenti, D. Young, Bordley, Carlock, Armstrong, Sheets, Parker, Richards, Way, Mitchell, Medford, Farmer, Kennedy, Singh, Commissioner Taylor, Warden Williams, Dr. Boston, D. Williams , Lyonns, Sabato Emig, Berggrum, Bamford, Hernandez, Nurse Inna, Nurse Jeromy, Fish, Sutton, Wayman, Dr. Arumburo, Dr. Ali, Dr. Rogers, and Carroll;

c.      First Amendment access to courts claim against defendants Fish, Commissioner Taylor, Warden Williams, Sutton, First Correctional Medical and Dr. Boston, and the taking of legal property claim against defendants Commissioner Taylor and  Warden Williams;

d.      Eighth Amendment excessive force and failure to protect claims against defendants A. Davis, Goins, Presley, C. Johnson, Apa, Harriford, Chapel, Kennedy, Lewis, Talenti, Reynolds, Chudzik and Soul; and

e.      Fourteenth Amendment due process claims against defendants Napolin, Muskarelli, Dr. Joshi, Dr. Boston, Commissioner Taylor, Warden Williams, Sheets, Sabato, Parker, Farmer, Mitchell, Polk, Canon, V. Williams, Ince, Chaffer, Way, Cumberback, Reynolds and Mase.

IT IS FURTHER ORDERED that:

1.      The Clerk of the Court shall cause a copy of this order to be mailed to the plaintiff.

2.      Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and

return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **each defendant listed in 3.a. through 3.e. above,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). **Additionally, the plaintiff shall provide the court with one copy of the complaint (D.I. 2), the amended complaint (D.I. 8) and the second amended complaint (D.I. 18) for service upon each defendant listed in 3.a. through 3.e. above. The plaintiff is notified that the United States Marshal will not serve the complaint, the amended complaint and the second amended complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for the defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.    Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, amended complaint and second amended complaint this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4.    Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.    Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with

process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6.    No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7.    **NOTE:** \*\*\* When an amended complaint is filed prior to service, the court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

8.    **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

_____
UNITED STATES DISTRICT JUDGE