IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS,
    PLAINTIFF,

V.                                      CA. NO. 05-013 (GMS)

RAPHEL WILLIAMS, ETAL.

MEMORANDUM OF LAW IN SUPPORT OF THE
PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

COMES NOW, THE PLAINTIFF JIMMIE LEWIS, PRO-SE PETITIONER IN THIS CIVIL RIGHTS CASE FILED UNDER 42 U.S.C §-1983 BY A STATE PRISONER, ASSERTING CLAIMS OF STATE STATUTES VIOLATIONS, ASSERTING CLAIMS OF UNCONSTITUTIONAL USE OF FORCE BY HIS CUSTODIANS, ASSERTING DENIAL OF DUE PROCESS IN SUBSEQUENT DISCIPLINARY PROCEEDING, ASSERTING DENIAL OF MEDICAL CARE AND UNCONSTITUTIONAL HOUSING CONDITIONS. THE PLAINTIFF SEEKS DAMAGES AS TO ALL CLAIMS, AS WELL AS PRELIMINARY INJUNCTIONS.

## BRIEF STATEMENT OF FACTS

The complaint alleges that the plaintiff was subjected to numerous state statute and U.S constitutional violations while being housed at the Howard R. Young Corr. Inst, (H.R.Y.C.I), and the Delaware Corr. Center, (D.C.C.), and or while in the custody of officers employeed by said prisons. The plaintiff was also denied due process at disciplinary proceeding, for which lead to the plaintiff being denied access to the courts; supurvisory officials were informed of said violations stated in the plaintiffs complaint, but took no action to remedy and or to grant the plaintiff relief from said violations.

## ARGUMENT

In deciding whether to appoint counsel counsel for an indigent litigant, the court should consider, the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues. Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991) (citation omitted), cert. denied, 112 S.Ct- 1995 (1992). In addition, courts have suggested that the most important factors is wheather the case appears to have merit. Cooper v. A Sargenti Co, Inc, 877 F.2d 170, 173 (2d. Cir. 1989). Each of those factors weighs in favor of appointing counsel in this case.

1.) (FACTUAL COMPLEXITY); THE PLAINTIFF ALLEGES NUMEROUS CONSTITUTIONAL VIOLATIONS AS STATED IN HIS COMPLAINT. THE PLAINTIFF ASSERTS THAT THE DEFENDANTS WERE NOTIFIED OF SAID VIOLATIONS AND THEY DID NOT TAKE ACTION TO REMEDY SAID VIOLATIONS. IN ADDITION THE PLAINTIFF CLAIMS UNCONSTITUTIONAL MEDICAL CARE AND HOUSING; IN WHICH WILL CALL FOR MEDICAL EXPERT WITNESSES OR TO CROSS-EXAMINE MEDICAL WITNESSES CALLED BY THE DEFENDANTS OR BOTH. THE PRESENCE OF MEDICAL OR OTHER ISSUES REQUIRING EXPERT TESTIMONY TO SUPPORT THE APPOINTMENT OF COUNSEL. MOORE V. MABUS, 976 F.2d 268, 272 (5TH CIR. 1992); JACKSON V. COUNTY OF MCKEAN, 953 F.2d 1070, 1073 (7TH CIR. 1992); TUCKER V. RANDALL, 948 F.2d 388, 392 (7TH CIR. 1991.)

2.) (THE PLAINTIFF'S ABILITY TO INVESTIGATE); THE PLAINTIFF IS IN THE SAME SITUATION AS AN INMATE WHO HAS BEEN TRANSFERRED TO A DIFFERENT INSTITUTION, A FACTOR THAT SEVERAL COURTS HAVE CITED IN APPOINTING COUNSEL. TUCKER V. RANDAL, 948 F.2d 388, 391-92 (7TH CIR. 1991); BATSON V. COUGHLIN, 679 F.SUPP. 270, 273 (W.D.N.Y. 1988); ARMSTRONG V. SNYDER, 103 F.R.D. 96, 105 (E.D. WIS. 1984). IN ADDITION, THIS CASE WILL REQUIRE CONSIDERABLE DISCOVERY CONCERNING THE IDENTITY OF WITNESSES, INCIDENT REPORTS, DISCIPLINARY REPORTS, PRIOR RECORDS OF OFFICERS MISUSE OF FORCE, MEDICAL REPORTS AND RECORDS. SEE — TUCKER V. DICKEY, 613 F.SUPP. 1124, 1133-34 (W.D.WIS. 1985) (NEED FOR DISCOVERY SUPPORTED APPOINTMENT OF COUNSEL).

P. 4 OF 5

3.) (THE ABILITY OF THE INDIGENT TO PRESENT HIS CLAIM.); THE PLAINTIFF IS AN INDIGENT PRISONER, WITH NO LEGAL TRAINING, A FACTOR THAT SUPPORTS THE APPOINTMENT OF COUNSEL. WHISENANT V. YUAM, 739 F.2d 160, 163 (4TH CIR 198 IN ADDITION, HE IS CONFINED WITH VERY LIMITED ACCESS TO LEGAL MATERIALS. RAYES V. JOHNSON, 969 F.2d 700, 703-04 (8TH CIR. 1992) (CITING LACK OF READY ACCESS TO A LAW LIBRARY AS A FACTOR SUPPORTING APPOINTMENT OF COUNSEL.

4.) (MERIT OF THE CASE); THE PLAINTIFF'S ALLEGATIONS, IF PROVED, CLEARLY WOULD ESTABLISH CONSTITUTIONAL VIOLATIONS. THE UNPROVOKED AND INJURIOUS ASSAULTS ALLEGED IN THE COMPLAINT CLEARLY STATES CONSTITUTIONAL VIOLATIONS. SEE HUDSON V. MCMILLIAN, __ U.S __, 112 S. CT. 995, 1000 (1992). THE ALLEGATIONS OF DENIAL OF MEDICAL CARE AMOUNTS TO "INTENTIONALLY INTERFERING WITH THE TREATMENT ONCE PRESCRIBED," WHICH THE SUPREME COURT HAS SPECIFICALLY CITED AS AN EXAMPLE OF UNCONSTITUTIONAL DELIBERATE INDIFFERENCE TO PRISONERS MEDICAL NEEDS. ESTELLE V. GAMBLE, 429 U.S. 97, 105, 97 S. CT 285 (1976). THE VIOLATIONS OF DUE PROCESS RIGHTS IN DISCIPLINARY PROCESS. PONTE V. REAL, 471 U.S. 491, 497, 105 S.CT 2192 (1985); SUPERINTENDENT V. HILL, 472 U.S. 445, 457, 105 S. CT. 2768 (1985); DYSON V. KOCIK, 689 F.2d 466, 467-68 (3RD CIR. 1982) ON ITS FACE, THEN, THIS IS A MERITORIOUS CASE.

(p. 5 OF 5

FOR THE FORGOING REASONS, THE HONORABLE COURT SHOULD IN ALL DUE RESPECT GRANT THE PLAINTIFF'S MOTION TO APPOINT COUNSEL IN THIS CASE

DATED: 3/3/06

SIGNED: Jimmie Lewis
SBI #506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977