IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CONSOLIDATED |
| v. | ) Civ. No. 05-013-GMS |
| | ) Civ. No. 05-051-GMS |
| WARDEN RAFAEL WILLIAMS, | ) Civ. No. 05-052-GMS |
| et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On December 20, 2005, the court consolidated three cases filed by Jimmie Lewis (D.I. 22.) The court consolidated cases were then screened pursuant to 28 U.S.C. § 1915 and § 1915A, certain claims were dismissed, but service was allowed on the majority of the defendants. (D.I. 25, 26.) In the order dated March 6, 2006, Lewis was ordered to provide the court with one copy of the complaint (D.I. 2), the amended complaint (D.I. 8), and the second amended complaint (D.I. 18) for service upon each defendant as specified therein. (D.I. 26.)

Lewis advises the court that upon receipt of the consolidation order he viewed the complaint (D.I. 2), the amended complaint (D.I. 8), and the second amended complaint (D.I. 18) as useless, and he destroyed the documents. (D.I. 30.) He moves the court for a waiver of the requirements of the March 6, 2006, order, or in the alternative, that the court provide him with copies of the complaint, the amended complaint, and the second amended complaint. (D.I. 31, 32.) Lewis advises the court that due to his indigent status the only way he can adhere to the court's order is if the court provides the copies to him without charge.

Lewis is advised that the fee for photocopies is fifty cents (50¢) per page, and while

Lewis has been allowed to proceed *in forma pauperis,* in the normal course of proceedings he would be required to pay the photocopy fee. Nonetheless, because it appears the documents were destroyed in error, Lewis will be provided with one copy, and one copy only, of each of the requested documents. His motions for copies of same without payment of photocopy fees (D.I. 31, 32), therefore, are GRANTED.

Lewis also inquires of the court, "exactly how many copies of DI. 2, DI. 8 and DI. 18 does the court expect me to forward?" (D.I. 31.) The are sixty-one remaining defendants. The answer, therefore, is that **each** defendant must receive one copy of the complaint, amended complaint, and the second amended complaint. Because Lewis is the individual who chose to sue the large number of defendants, it is up to Lewis to provide the documents for service upon each defendant. The defendants who remain in this case are as follows: C/O B. Apa , C/O A. Armstrong, Dr. Arumburo, Capt. D. Barnford, Capt. Berggrun, C/O Mark Blue, C/O Nannett Bordley, C/O Canon, C/O D. Carlock, C/O Tamiko Chaffer, Corporal Chapel, Corporal Cumberback Corporal A. Davis, Capt. Emig, Lt. S. Farmer, First Correctional Medical, C/O Gassner, Corporal A. Goins, C/O Hardgrave, Corporal Harriford, C/O G. Ince, Capt. Jefferson, Nurse Jeromy, C/O C. Johnson, Sgt. Kennedy, Sgt. Lewis, April Lyonns, C/O Mase, Sgt. Medford, Lt. Mitchel, Donald Napolin , C/O Ms. Newman, Capt. P. Parker, Lt. Polk, C/O Presley, C/O Mack Reynolds, Sgt. C. Richards, C/O Rodriguez, Dr. Rogers, Lt. Joseph Sabato, Lt. Sheets, C/O Soul, C/O Talenti, Stanley Taylor, Sgt. Fred Way, C/O Wayman, C/O V. Williams, Major Dave Williams, Raphael Williams, C/O D. Young, Dr. Joshi, Dr. Boston, Georgia Sutton, Mr. Fish, Lt. Singh, Diane Hernandez, Nurse Inna, Dr. Ali, Thomas L. Carroll, Lt. Chudzik, and Debra Muskarelli.

Finally, Lewis moves for appointment of counsel. (D.I. 28.) He was advised by the court in its March 6, 2006, order that motions for appointment of counsel filed prior to service would be dismissed without prejudice with leave to refile following service. (D.I. 26.) To date, service has not been effected upon defendants. Accordingly, the motion is premature. Therefore, it is ordered that Lewis' motion to appoint counsel (D.I. 28) is DENIED without prejudice with leave to refile following service.

_____
UNITED STATES DISTRICT JUDGE

April 10, 2006
Wilmington, Delaware