IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JIMMIE LEWIS,

V.                          CA. NO. 05-013 (GMS)

RAPHAEL WILLIAMS, ET AL.


PLAINTIFF'S RESPONSE TO STATES
DEFENDANTS ANSWER TO PLAINTIFF'S
ORIGINAL AND FIRST AND SECOND.
AMENDED COMPLAINTS

_____

DATE: 12/19/06



FILED
DEC 21 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Jimmie Lewis
SBI #506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

1.) THE DEFENDANTS STATE; THE ORIGINAL
COMPLAINT AND THE FIRST AND SECOND AMENDED
COMPLAINT(S), FAIL TO STATE CLAIMS UPON WHICH RELIEF
MAY BE GRANTED: IN RESPONSE THE PLAINTIFF'S ORIGINAL
COMPLAINT AND THE FIRST AND SECOND AMENDED COMPLAINT(S),
HAVE INDEED STATED CLAIMS UPON WHICH RELIEF MAY BE
GRANTED. SEE, THE PLAINTIFF'S ORIGINAL COMPLAINT AND
THE FIRST AND SECOND AMENDED COMPLAINT(S), FOR WHICH
IS ALSO SUPPORTED BY THE HONORABLE JUDGE
GREGORY M. SLEET'S MARCH 6TH, 2006 COURT ORDER
ATTACHED HEREIN AS EXHIBIT.

BY WAY OF FURTHER RESPONSE, THE DEFENDANTS
PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFF'S
PLEADINGS, DUE TO SAID ARGUMENT BEING SOLEY BASED
UPON THE APPLICATION OF LEGAL PRINCIPAL, DUE TO SAID
ARGUMENT FAILING TO POINT TO ANY SPECIFIC CLAIMS
ALLEGED BY THE PLAINTIFF. SUCH PLEADINGS ARE
INSUFFICIENT AND EVASIVE IN FACT AND LAW, AND
THEREFORE REQUIRES THIS HONORABLE COURT TO
CONCLUDE THAT THE ALLEGATIONS AS STATED BY THE
PLAINTIFF ARE ENOUGH TO SERVE AS A GUIDE TO DISCOVERY.

2.) THE DEFENDANTS STATE; THE ACTION AND ALL
CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT
IMMUNITY : IN RESPONSE, THE DEFENDANTS WERE
NOTIFIED AND MADE FULLY AWARE VIA WRITTEN NOTATIONS,
FILED GRIEVANCE AS WELL AS BEING INFORMED PERSONALLY
BY THE PLAINTIFF AND OR D.O.C PERSONEL, ABOUT THE
PLAINTIFF'S PROBLEMS REGARDING THE UNCONSTITUTIONAL
VIOLATIONS AS STATED IN THE PLAINTIFF'S PLEADINGS,
THAT THE PLAINTIFF WAS BEING SUBJECTED TO AND OR THAT
WOULD BE INFLICTED A UPON THE PLAINTIFF, AND THEREAFTER
THE DEFENDANTS FAILED TO ACT AND OR CORRECT THEIR
BEHAVIORS OR SAID CONDITIONS, FOR WHICH DEFINES
DELIBERATE INDIFFERENCE - GROSS AND WANTON NEGLIGENCE
AND RECKLESSNESS. BY WAY OF FURTHER RESPONSE,
THE DEFENDANTS PRESENT ONLY A FACIAL CHALLENGE TO
THE PLAINTIFF'S PLEADINGS, DUE TO SAID ARGUMENT
FAILING TO POINT OUT ANY SPECIFIC CLAIMS ALLEGED
BY THE PLAINTIFF. SUCH PLEADINGS ARE INSUFFICIENT
AND EVASIVE IN FACT AND LAW, AND THEREFORE
REQUIRES THIS HONORABLE COURT TO CONCLUDE THAT THE
ALLEGATIONS AS STATED BY THE PLAINTIFF ARE ENOUGH
TO SERVE AS GUIDE TO DISCOVERY.

3.) THE DEFENDANTS STATE; AS TO ANY CLAIMS AGAINST THE STATE DEFENDANTS IN THEIR OFFICIAL CAPACITIES, STATE DEFENDANTS AND THE STATE ARE PROTECTED FROM LIABILITY BY THE DOCTRINE OF SOVEREIGN IMMUNITY.

IN RESPONSE, THE DEFENDANTS WERE NOTIFIED AND MADE FULLY AWARE VIA WRITTEN NOTATIONS, FILED GRIEVANCE AS WELL AS BEING PERSONALLY INFORMED BY THE PLAINTIFF AND OR D.O.C PERSONEL, ABOUT THE PLAINTIFF'S PROBLEMS REGARDING THE UNCONSTITUTIONAL VIOLATIONS AS STATED IN THE PLAINTIFF'S PLEADINGS, THAT THE PLAINTIFF WAS BEING SUBJECTED TO AND OR THAT WOULD BE INFLICTED UPON THE PLAINTIFF, AND THEREAFTER THE DEFENDANTS TO ACT AND OR CORRECT THEIR BEHAVIORS OR SAID CONDITIONS, FOR WHICH DEFINES DELIBERATE INDIFFERENCE, GROSS AND WANTON NEGLIGENCE AND RECKLESSNESS.

BY WAY OF FURTHER RESPONSE, THE DEFENDANTS PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFF'S PLEADINGS, DUE TO SAID ARGUMENT FAILING TO POINT OUT ANY SPECIFIC CLAIMS ALLEGED BY THE PLAINTIFF. SUCH PLEADINGS ARE INSUFFICIENT AND EVASIVE IN FACT AND LAW, AND THEREFORE REQUIRES THIS HONORABLE COURT TO CONCLUDE THAT THE ALLEGATIONS AS STATED BY THE PLAINTIFF ARE ENOUGH TO SERVE AS GUIDE TO DISCOVERY.

4.) THE DEFENDANTS STATE; STATE DEFENDANTS IN THEIR OFFICIAL CAPACITY ARE NOT LIABLE FOR THE ALLEGED VIOLATIONS OF THE PLAINTIFF'S CONSTITUTIONAL RIGHTS, AS THEY ARE NOT PERSONS WITHIN THE MEANING OF 42 U.S.C § 1983.

IN RESPONSE, THE PLAINTIFF HAS RAISED ## IN HIS PLEADINGS BASED ON HIS IMPRISONMENT, SEE THE PLAINTIFF'S ORIGINAL COMPLAINT, THE FIRST AND SECOND AMENDED COMPLAINT. SEE ALSO, THE HONORABLE JUDGE GREGORY M. SLEETS MARCH 6TH, 2006 COURT ORDER ATTACHED AS EXHIBIT.

ALSO, THE PLAINTIFF'S PLEADINGS DEFINE THAT THE ACTS AND OR OMISSIONS COMPLAINED OF WERE COMMITTED WITH GROSS AND WANTON NEGLIGENCE, DELIBERATE - INDIFFERENCE AND RECKLESSNESS.

BY WAY OF FURTHER RESPONSE, THE DEFENDANTS PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFF'S PLEADINGS, DUE TO SAID ARGUMENT BEING SOLELY BASED UPON APPLICATION OF LEGAL PRINCIPAL, FOR FAILING TO POINT OUT ANY SPECIFIC CLAIMS ALLEGED BY THE PLAINTIFF. SUCH PLEADINGS ARE INSUFFICIENT AND EVASIVE IN FACT AND LAW, AND THEREFORE REQUIRES THIS HONORABLE COURT TO CONCLUDE THAT THE ALLEGATIONS AS STATED BY THE PLAINTIFF ARE ENOUGH TO SERVE AS GUIDE TO DISCOVERY.

5.) THE DEFENDANTS STATE; OFFICIALS AND
EMPLOYEES OF THE STATE OF DELAWARE, INCLUDING THE
STATE DEFENDANTS ACTING IN GOOD FAITH, WITHIN THE SCOPE
OF THEIR EMPLOYMENT AND WITHOUT KNOWINGLY VIOLATING
WELL ESTABLISHED FEDERAL RIGHTS, ARE ENTITLED TO
QUALIFIED IMMUNITY AND CAN NOT BE HELD LIABLE IN
THIS ACTION.

IN RESPONSE. THE PLAINTIFF HAS RAISED PLEADINGS BASED
ON HIS IMPRISONMENT, SEE THE PLAINTIFF'S ORIGINAL
COMPLAINT, THE FIRST AND SECOND AMENDED COMPLAINT.
SEE ALSO, THE HONORABLE JUDGE GREGORY M. SLEET'S
MARCH 6TH, 2006 COURT ORDER ATTACHED AS EXHIBIT.

THE PLAINTIFF'S PLEADINGS DEFINE THAT THE ACTS AND
OR OMISSIONS COMPLAINED OF WERE COMMITTED WITH GROSS
AND WANTON NEGLIGENCE — DELIBERATE INDIFFERENCE AND
RECKLESSNESS. THE PLAINTIFF'S PLEADINGS CLEARLY STATE
THAT THE DEFENDANTS VIOLATED HIS WELL ESTABLISHED
FEDERAL RIGHTS. SEE, ANDERSON V. CREIGHTON, 483 U.S. 635,
639, (1987).

BY WAY OF FURTHER RESPONSE, THE DEFENDANTS
PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFF'S PLEADINGS,
DUE TO SAID ARGUMENT BEING SOLEY BASED UPON APPLICATION
OF LEGAL PRINCIPAL, FOR FAILING TO POINT OUT ANY SPECIFIC
CLAIMS ALLEGED BY THE PLAINTIFF. SUCH PLEADINGS ARE
INSUFFICIENT AND EVASIVE IN FACT AND LAW, AND THEREFORE
REQUIRES THIS HONORABLE COURT TO CONCLUDE THAT THE
ALLEGATIONS AS STATED BY THE PLAINTIFF ARE ENOUGH
TO SERVE AS GUIDE TO DISCOVERY.

6.) THE DEFENDANTS STATE; AS TO ANY CLAIMS
SOUNDING IN STATE LAW, STATE DEFENDANTS ARE
IMMUNE FROM LIABILITY UNDER STATE TORT CLAIMS
ACT 10 DEL. C § 4001.

IN RESPONSE, THE PLAINTIFF'S PLEADINGS DEFINE THAT
THE ACTS AND OR OMISSIONS COMPLAINED OF WERE
COMMITTED WITH GROSS AND WANTON NEGLIGENCE,
DELIBERATE INDIFFERENCE AND RECKLESSNESS.

BY WAY OF FURTHER RESPONSE, THE DEFENDANTS
PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFF'S
PLEADINGS, DUE TO SAID ARGUMENT BEING SOLEY BASED UPON
APPLICATION OF LEGAL PRINCIPAL, FOR FAILING TO POINT OUT ANY
SPECIFIC CLAIMS ALLEGED BY THE PLAINTIFF. SUCH PLEADINGS
ARE INSUFFICIENT AND EVASIVE IN FACT AND LAW, AND
THEREFORE REQUIRES THIS HONORABLE COURT TO CONCLUDE
THAT THE ALLEGATIONS AS STATED BY THE PLAINTIFF
ARE ENOUGH TO SERVE AS GUIDE TO DISCOVERY.

7.) THE DEFENDANTS STATE; TO THE EXTENT
THE PLAINTIFF SEEKS TO HOLD STATE DEFENDANTS LIABLE
BASED ON SUPERVISORY RESPONSIBILITY, THE DOCTRINE OF
RESPONDEAT SUPERIOR OR VICARIOUS LIABILITY IS NOT A BASIS
FOR LIABILITY IN AN ACTION UNDER 42 USC 1983.

IN RESPONSE, THE PLAINTIFF HAS RAISED PLEADINGS BASED
ON HIS IMPRISONMENT, SEE THE PLAINTIFF'S ORIGINAL
COMPLAINT, THE FIRST AND SECOND AMENDED COMPLAINT.
SEE ALSO, THE HONORABLE JUDGE GREGORY M. SLEET'S
MARCH 6TH 2006 COURT ORDER ATTACHED AS EXHIBIT.

THE PLAINTIFF'S PLEADINGS DEFINE THAT THE ACTS AND
OR OMISSIONS COMPLAINED OF WERE COMMITTED WITH GROSS
AND WANTON NEGLIGENCE - DELIBERATE INDIFFERENCE AND
RECKLESSNESS. THE PLAINTIFF'S PLEADINGS CLEARLY STATE
THAT THE DEFENDANTS VIOLATED HIS WELL ESTABLISHED
FEDERAL RIGHTS. SEE, ANDERSON V. CREIGHTON, 483, US 635,
639 (1987).

BY WAY OF FURTHER RESPONSE, THE DEFENDANTS
PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFF'S PLEADINGS,
DUE TO SAID ARGUMENT BEING SOLEY BASED UPON APPLICATION
OF LEGAL PRINCIPAL, FOR FAILING TO POINT OUT ANY SPECIFIC
CLAIMS ALLEGED BY THE PLAINTIFF. SUCH PLEADINGS ARE
INSUFFICIENT AND EVASIVE IN FACT AND LAW, AND THEREFORE
REQUIRES THIS HONORABLE COURT TO CONCLUDE THAT THE
ALLEGATIONS AS STATED BY THE PLAINTIFF ARE ENOUGH
TO SERVE AS GUIDE TO DISCOVERY.

8.) THE DEFENDANTS STATE, THIS ACTION AND ALL CLAIMS ARE BARRED, IN WHOLE OR IN PART BY THE APPLICABLE STATUTE OF LIMITATIONS OR ANY OTHER STATUTORILY REQUIRED ADMINISTRATIVE TIME, REQUIREMENT.

IN RESPONSE, THE PLAINTIFF'S ORIGINAL COMPLAINT AND THE FIRST AND SECOND AMENDED COMPLAINT(S) WERE FILED BEFORE THE STATUTE OF LIMITATION AND OR ANY OTHER STATUTORILY REQUIRED ADMINISTRATIVE TIME REQUIREMENT DEADLINE, THEREFORE THIS HONORABLE COURT SHOULD CONCLUDE THAT THIS ACTION IS NOT BARRED IN WHOLE OR IN PART BY THE STATUTE OF LIMITATIONS OR ANY OTHER STATUTORY TIME REQUIRED DEADLINE.

BY WAY OF FURTHER RESPONSE, THE DEFENDANTS PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFF'S PLEADINGS, DUE TO SAID ARGUMENT BEING SOLEY BASED UPON APPLICATION OF LEGAL PRINCIPAL, FOR FAILING TO POINT OUT ANY SPECIFIC CLAIMS ALLEGED BY THE PLAINTIFF. SUCH PLEADINGS ARE INSUFFICIENT AND EVASIVE IN FACT AND LAW, AND THEREFORE REQUIRES THIS HONORABLE COURT TO CONCLUDE THAT THE ALLEGATIONS AS STATED BY THE PLAINTIFF ARE ENOUGH TO SERVE AS GUIDE TO DISCOVERY.

9.) THE DEFENDANTS STATE, PLAINTIFF HAS FAILED TO EXHAUST ADMINISTRATIVE REMEDIES, INCLUDING BUT NOT LIMITED TO REMEDIES PURSUANT TO — 42 U.S.C § 1997 (a)(e).

IN RESPONSE, (A) ACCORDING TO THE D.D.O.C – S.O.P 4.4, ISSUES CONCERNING DISCIPLINARY AND CLASSIFICATION PROCEDURES AND DECISIONS ARE EXCLUDED FROM THE INMATE GRIEVANCE PROCEDURE, (B) REGARDING THE UNCONSTITUTIONAL CONDITIONS OF CONFINEMENT, THE PLAINTIFF FILED ABOUT 150 GRIEVANCES WHILE HE WAS CONFINED AT THE H.R.Y.C.I, BUT 95 % OF SAID GRIEVANCES WERE DEEMED NONE GRIEVABLE. (C) OUT OF THE REMAINDING 5 % OF GRIEVANCES, 2 OR 3 WERE DENIED AT LEVEL 3 OF THE GRIEVANCE PROCEDURE, AND THE REMAINDING 5 OR SO GRIEVANCES WERE ACTIVE WHEN THE PLAINTIFF WAS ABRUPTLY TRANSFERED BY THE DEFENDANTS ON 4/7/05 TO THE DEL. CORR. CENTER. THE PLAINTIFF ATTEMPTED TO PROCEED WITH SAID ACTIVE GRIEVANCES VIA THE D.C.C GRIEVANCE, BUT TO NO AVAIL. ( SEE ATTACHED GRIEVANCE CASE # 16056 ).

THEREFORE, THE PLAINTIFF DID EXHAUST HIS ADMINISTRATIVE REMEDIES. SEE, BROWN V. CROAK, 312 F. 3d – 109.113 (3RD CIR 2002). AVAILABLE REMEDY MUST BE CAPABLE USE OF HAND. SEE ALSO, MITCHELL V. HORN, 318 F. 3d 523, 529 (3RD CIR 2003), AND MILLER V. NORRIS, 247 F. 3d 736, 740 (8TH CIR 2001). A REMEDY THAT A PRISON OFFICIAL PREVENTS A PRISONER FROM UTILIZING IS NOT AN AVAILABLE REMEDY UNDER THE P.L.R.A. THEREFORE, REQUIRING THIS HONORABLE COURT TO CONCLUDE THAT THE PLAINTIFF'S ALLEGATIONS AS STATED ARE ENOUGH TO SERVE AS GUIDE

10.) THE DEFENDANTS STATE, STATE DEFENDANTS CAN NOT BE HELD LIABLE IN ABSENSE OF PERSONAL INVOLVEMENT FOR ALLEGED CONSTITUTIONAL DEPRIVATIONS.

IN RESPONSE, THE DEFENDANT PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFFS PLEADING, FOR WHICH CALLS FOR THE PLAINTIFF TO UNSCRUPULOUSLY RESPOND TO SAID ARGUMENT, DUE TO SAID ARGUMENT BEING SOLEY BASED UPON THE APPLICATION OF LEGAL PRINCIPAL, DUE TO SAID ARGUMENT FAILING TO POINT OUT ANY SPECIFIC INCIDENTS ALLEGED BY THE PLAINTIFF. THE PLAINTIFF IS UNABLE TO PROPERLY RESPOND BECAUSE SUCH PLEADINGS ARE INSUFFICIENT AND EVASIVE IN FACT AND LAW, AND THEREFORE REQUIRE THIS HONORABLE COURT TO CONCLUDE THAT THE PLAINTIFFS ALLEGATIONS AS STATED ARE ENOUGH TO SERVE AS A GUIDE TO DISCOVERY.

BY WAY OF FURTHER RESPONSE, THE PLAINTIFF HAS RAISED PLEADINGS BASED ON HIS IMPRISONMENT, FOR WHICH DEFINE CONSTITUTIONAL VIOLATIONS COMPLAINED OF THAT WERE COMMITTED BY THE DEFENDANTS WITH GROSS AND WANTON NEGLIGENCE - DELIBERATE INDIFFERENCE AND RECKLESSNESS.

11.) THE DEFENDANTS STATE, THE PLAINTIFFS CLAIMS
ARE BARRED BY HIS CONTRIBUTORY NEGLIGENCE.
IN RESPONSE, DENIED BY THE PLAINTIFF.

      BY WAY OF FURTHER RESPONSE, THE DEFENDANTS
PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFFS
PLEADINGS, DUE TO SAID ARGUMENT BEING SOLEY BASED UPON
APPLICATION OF LEGAL PRINCIPAL FOR FAILING TO POINT OUT
ANY SPECIFIC CLAIMS ALLEGED BY THE PLAINTIFF. SUCH PLEADINGS
ARE INSUFFICIENT AND EVASIVE IN FACT AND LAW, AND THEREFORE
REQUIRES THIS HONORABLE COURT TO CONCLUDE THAT THE
ALLEGATIONS AS STATED BY THE PLAINTIFF ARE ENOUGH
TO SERVE AS GUIDE TO DISCOVERY.

12.) THE DEFENDANTS STATE; TO THE EXTENT PLAINTIFF CLAIMS SOUND IN NEGLIGENCE, PLAINTIFF CAN NOT STATE A CAUSE OF ACTION UNDER 42 USC § 1983. IN RESPONSE, DENIED BY THE PLAINTIFF.

BY WAY OF FURTHER RESPONSE, THE DEFENDANTS PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFF'S PLEADINGS, DUE TO SAID ARGUMENT BEING SOLEY BASED UPON APPLICATION OF LEGAL PRINCIPAL FOR FAILING TO POINT OUT ANY SPECIFIC INCIDENT ALLEGED BY THE PLAINTIFF. SUCH PLEADINGS ARE INSUFFICIENT AND EVASIVE IN FACT AND LAW, AND THEREFORE REQUIRES THIS HONORABLE COURT TO CONCLUDE THAT THE ALLEGATIONS AS STATED BY THE PLAINTIFF ARE ENOUGH TO SERVE AS GUIDE TO DISCOVERY.

13.) THE DEFENDANTS STATE,
  PLAINTIFF FAILS TO STATE A CLAIM AGAINST
STATE DEFENDANTS FOR FAILURE TO TRAIN OR FOR
MAINTENENCE OF WRONGFUL CUSTOMS, PRACTICES AND
  POLICES. THE PLAINTIFF HAS STATED CLAIMS AGAINST
STATE DEFENDANTS FOR FAILURE TO TRAIN OR FOR
MAINTENENCE OF WRONGFUL CUSTOMS, PRACTICES AND
  POLICES. SEE THE PLAINTIFF'S ORIGINAL COMPLAINT,
AND THE FIRST AND SECOND AMENDED COMPLAINT(S).
      SEE ALSO HOWARD R. YOUNG CORRECTIONAL INSTITUTION
GRIEVANCE #'S  04-10032,  04-10033,  05-12783,
  05-12784.

14.) THE DEFENDANTS STATE; PLAINTIFF FAILS TO STATE CLAIM AGAINST STATE DEFENDANTS FOR VIOLATION OF THE FIRST AMENDMENT.

IN RESPONSE, THE PLAINTIFF'S PLEADINGS HAVE STATED CLAIM AGAINST STATE DEFENDANTS FOR VIOLATING HIS FIRST AMENDMENT RIGHTS, IN SUPPORT THEREOF SEE THE HONORABLE JUDGE GREGORY M. SLEET'S MARCH 6TH, 2006 COURT ORDER ATTACHED HEREIN AS EXHIBIT.

BY WAY OF FURTHER RESPONSE, THE DEFENDANTS PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFFS PLEADINGS, DUE TO SAID ARGUMENT BEING SOLEY BASED UPON APPLICATION OF LEGAL PRINCIPAL FOR FAILING TO POINT OUT ANY SPECIFIC CLAIM ALLEGED BY THE PLAINTIFF. SUCH PLEADINGS ARE INSUFFICIENT AND EVASIVE IN FACT AND LAW, AND THEREFORE REQUIRE THIS HONORABLE COURT TO CONCLUDE THAT THE ALLEGATIONS AS STATED BY THE PLAINTIFF ARE ENOUGH TO SERVE AS GUIDE TO DISCOVERY.

15.) THE DEFENDANTS STATE; PLAINTIFF FAILS TO STATE CLAIM AGAINST STATE DEFENDANTS FOR VIOLATION OF THE EIGHTH AMENDMENT.

IN RESPONSE, THE PLAINTIFFS PLEADINGS HAVE STATED CLAIM AGAINST STATE DEFENDANTS FOR VIOLATION OF HIS EIGHTH AMENDMENT RIGHTS, IN SUPPORT THEREOF SEE THE HONORABLE JUDGE GREGORY M. SLEET'S MARCH 8TH, 2006 COURT ORDER ATTACHED HEREIN AS EXHIBIT.

BY WAY OF FURTHER RESPONSE, THE DEFENDANTS PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFFS PLEADINGS, DUE TO SAID ARGUMENT BEING SOLEY BASED UPON APPLICATION OF LEGAL PRINCIPAL FOR FAILING TO POINT OUT ANY SPECIFIC CLAIM ALLEGED BY THE PLAINTIFF. SUCH PLEADINGS ARE INSUFFICIENT AND EVASIVE IN FACT AND LAW, AND THEREFORE REQUIRE THIS HONORABLE COURT TO CONCLUDE THAT THE ALLEGATIONS AS STATED BY THE PLAINTIFF ARE ENOUGH TO SERVE AS GUIDE TO DISCOVERY.

16.) THE DEFENDANTS STATE; PLAINTIFF FAILS TO STATE CLAIM AGAINST STATE DEFENDANTS FOR VIOLATION OF THE FOURTEENTH AMENDMENT.

IN RESPONSE, THE PLAINTIFFS PLEADINGS HAVE STATED CLAIM AGAINST STATE DEFENDANTS FOR VIOLATING HIS FOURTEENTH AMENDMENT RIGHTS, IN SUPPORT THEREOF SEE THE HONORABLE JUDGE GREGORY M. SLEET'S MARCH 6TH, 2006 COURT ORDER ATTACHED HEREIN AS EXHIBIT.

BY WAY OF FURTHER RESPONSE, THE DEFENDANTS PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFF'S PLEADINGS, DUE TO SAID ARGUMENT BEING SOLEY BASED UPON APPLICATION OF LEGAL PRINCIPAL, FOR FAILING TO POINT OUT ANY SPECIFIC CLAIM ALLEGED BY THE PLAINTIFF.

SUCH PLEADINGS ARE INSUFFICIENT AND EVASIVE IN FACT AND LAW, AND THEREFORE REQUIRE THIS HONORABLE COURT TO CONCLUDE THAT THE ALLEGATIONS AS STATED BY THE PLAINTIFF ARE ENOUGH TO SERVE AS GUIDE TO DISCOVERY.

17. / THE DEFENDANTS STATE; PLAINTIFF'S INJURIES IF ANY WERE CAUSED IN WHOLE OR IN PART, AND OR EXACERBATED BY PRE-EXISTING CONDITION WHICH PRIOR TO DATE OF ANY ALLEGED WRONGFUL CONDUCT BY THE STATE DEFENDANTS.

IN RESPONSE; DENIED BY THE PLAINTIFF.

BY WAY OF FURTHER RESPONSE, THE DEFENDANTS PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFF'S PLEADINGS, DUE TO SAID ARGUMENT BEING SOLEY BASED UPON APPLICATION OF LEGAL PRINCIPAL, FOR FAILING TO POINT OUT ANY SPECIFIC CLAIM ALLEGED BY THE PLAINTIFF.

SUCH PLEADINGS ARE INSUFFICIENT AND EVASIVE IN FACT AND LAW, AND THEREFORE REQUIRE THIS HONORABLE COURT TO CONCLUDE THAT THE ALLEGATIONS AS STATED BY THE PLAINTIFF ARE ENOUGH TO SERVE AS GUIDE TO DISCOVERY.

18.) THE DEFENDANTS STATE, PLAINTIFF'S INJURIES
AND DAMAGES, IF ANY RESULTED FROM AND INTERVENING
AND SUPERSEDING CAUSE.

IN RESPONSE, DENIED BY THE PLAINTIFF.

BY WAY OF FURTHER RESPONSE, THE DEFENDANTS
PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFF'S
PLEADINGS, DUE TO SAID ARGUMENT BEING SOLEY BASED UPON
APPLICATION OF LEGAL PRINCIPAL, FOR FAILING TO POINT OUT
ANY SPECIFIC CLAIM ALLEGED BY THE PLAINTIFF.

SUCH PLEADINGS ARE INSUFFICIENT AND EVASIVE IN
FACT AND LAW, AND THEREFORE REQUIRE THIS
HONORABLE COURT TO CONCLUDE THAT THE ALLEGATIONS
AS STATED BY THE PLAINTIFF ARE ENOUGH TO SERVE
AS A GUIDE TO DISCOVERY.

19.) THE DEFENDANTS STATE, PLAINTIFFS OWN CONDUCT PROXIMATELY CAUSED AND OR EXACERBATED HIS INJURIES IF ANY.

IN RESPONSE, DENIED BY THE PLAINTIFF.

BY WAY OF FURTHER RESPONSE, THE DEFENDANTS PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFFS PLEADINGS, DUE TO SAID ARGUMENT BEING SOLEY BASED UPON APPLICATION OF LEGAL PRINCIPAL, FOR FAILING TO POINT OUT ANY SPECIFIC CLAIM ALLEGED BY THE PLAINTIFF.

SUCH PLEADINGS ARE INSUFFICIENT AND EVASIVE IN FACT AND LAW, AND THEREFORE REQUIRE THIS HONORABLE COURT TO CONCLUDE THAT THE ALLEGATIONS AS STATED BY THE PLAINTIFF ARE ENOUGH TO SERVE AS GUIDE TO DISCOVERY.

20.) THE DEFENDANTS STATE, ' PLAINTIFFS CLAIMS
ARE MOOT BECAUSE HE IS NO LONGER INCARCERATED AT
THE HOWARD R. YOUNG CORRECTIONAL INSTITUTION.
    IN RESPONSE, THE FACT THAT THE PLAINTIFF WAS
TRANSFERED TO THE DEL. CORR. CENTER IN SMYRNA, DE,
DOESN'T RENDER THE PLAINTIFF PLEADINGS MOOT,
DUE TO THE FACT THAT THE PLAINTIFF'S PLEADINGS
AS THEY ARE PRESENTED, REPRESENT THE TRUTH,
THE WHOLE TRUTH AND NOTHING BUT THE TRUTH
REGARDING DAMAGES RESULTING FROM THE DEFENDANTS
VIOLATING THE PLAINTIFF'S CONSTITUTIONAL RIGHTS.
    BY WAY OF FURTHER RESPONSE, THE DEFENDANTS
PRESENT ONLY A FACIAL CHALLENGE TO THE PLAINTIFF'S
PLEADINGS, DUE TO SAID ARGUMENT BEING SOLEY BASED UPON
APPLICATION OF LEGAL PRINCIPAL, FOR FAILING TO POINT OUT
ANY SPECIFIC CLAIM ALLEGED BY THE PLAINTIFF.
SUCH PLEADINGS ARE INSUFFICIENT AND EVASIVE IN
FACT AND LAW, AND THEREFORE REQUIRE THIS
HONORABLE COURT TO CONCLUDE THAT THE ALLEGATIONS
AS STATED BY THE PLAINTIFF ARE ENOUGH TO SERVE
AS GUIDE TO DISCOVERY.

21.) THE DEFENDANTS STATE,
INSUFFICIENCY OF SERVICE OF PROCESS.

IN RESPONSE, ON OR ABOUT OCT 20, 2006 THE DEFENDANTS FILED
MOTION FOR ENLARGEMENT OF TIME, STATING ONLY HAVING (20)
DAYS TO RESPOND TO THE PLAINTIFF'S INITIAL COMPLAINT, AND
THE FIRST AND SECOND AMENDED COMPLAINT(S), AND THEREFORE
REQUESTED FOR THIS HONORABLE COURT TO GRANT A (45) DAY
ENLARGEMENT OF TIME, FOR WHICH WENT UNAPPOSED BY THE
PLAINTIFF. SUBSEQUENTLY, THE DEFENDANTS ON OR ABOUT
DEC 4, 2006 WERE ABLE TO RESPOND FOR THE INITIAL DEFENDANTS,
TAYLOR, WILLIAMS AND EMIG AS WELL AS AN ADDITIONAL
25 DEFENDANTS THAT COUNSEL SOUT TO REPRESENT IN
ADDITION. SEE, THE DEFENDANTS OCT 20, 2006 MOTION
FOR ENLARGEMENT OF TIME, SEE ALSO, THE DEFENDANTS
DEC 4, 2006 ANSWER TO THE PLAINTIFFS ORIGINAL COMPLAINT,
AND THE FIRST AND SECOND AMENDED COMPLAINT(S).
THEREFORE, SAID ARGUMENT IS MERITLESS, DUE TO THE
DEFENDANTS NOT BEING PREJUDICED, FOR WHICH REQUIRES
THIS HONORABLE COURT TO DEEM SAID ARGUMENT MOOT AND
UNAVAILABLE AS DEFENSE IN THIS MATTER.


ALSO, PLAINTIFF HAS FILED MOTION FOR DISCOVERY #1,
SEEKING THIS HONORABLE COURT TO GRANT AN ORDER FOR
THE DEFENDANT RAPHAEL WILLIAMS TO SUPPLY HIM WITH
THE FULL AND COMPLETE ADDRESSES OF DEFENDANTS
WHOM THE U.S MARSHALL, INITIALS B.F WAS NOT
ABLE TO COMPLETE SERVICE OF PROCESS UPON.

22.) THE DEFENDANTS STATE;
INSUFFICIENCY OF PROCESS.

IN RESPONSE, ON OR ABOUT OCT 20, 2006 THE DEFENDANTS FILED
MOTION FOR ENLARGEMENT OF TIME, STATING ONLY HAVING (20)
DAYS TO RESPOND TO THE PLAINTIFF'S INITIAL COMPLAINT, AND
THE FIRST AND SECOND AMENDED COMPLAINT(S), AND THEREFORE
REQUESTED FOR THIS HONORABLE COURT TO GRANT A (45) DAY
ENLARGEMENT OF TIME, FOR WHICH WENT UNAPPOSED BY THE
PLAINTIFF. SUBSEQUENTLY, THE DEFENDANTS ON OR ABOUT
DEC 4, 2006 WERE ABLE TO RESPOND FOR THE INITIAL DEFENDANTS,
TAYLOR, WILLIAMS AND EMIG AS WELL AS AN ADDITIONAL
25 DEFENDANTS THAT COUNSEL SOUT TO REPRESENT IN
ADDITION. SEE THE DEFENDANTS OCT 20, 2006 MOTION
FOR ENLARGEMENT OF TIME, SEE ALSO, THE DEFENDANTS
DEC 4, 2006 ANSWER TO THE PLAINTIFF'S ORIGINAL-COMPLAINT,
AND THE FIRST AND SECOND AMENDED COMPLAINT(S).
THEREFORE, SAID ARGUMENT IS MERITLESS, DUE TO THE
DEFENDANTS NOT BEING PREJUDICED, FOR WHICH REQUIRES
THIS HONORABLE COURT TO DEEM SAID ARGUMENT MOOT AND
UNAVAILABLE AS DEFENSE IN THIS MATTER.

ALSO, PLAINTIFF HAS FILED MOTION FOR DISCOVERY/# 1,
SEEKING THIS HONORABLE COURT TO GRANT AN ORDER FOR
THE DEFENDANT RAPHAEL WILLIAMS TO SUPPLY HIM WITH
THE FULL AND COMPLETE ADDRESSES OF DEFENDANTS
WHOM THE U.S MARSHALL, INITIALS B.F WAS NOT
ABLE TO COMPLETE SERVICE OF PROCESS UPON.

23.) THE DEFENDANTS STATE,
LACK OF JURISDICTION OVER THE PERSON AND
SUBJECT MATTER.

IN RESPONSE, FEDERAL COURTS ARE VESTED WITH
ORIGINAL JURISDICTION OVER ALL CIVIL ACTIONS
ARISING UNDER THE CONSTITUTION, LAWS AND TREATIES
OF THE UNITED STATES. 28 U.S.C § 1332.

24.) THE PLAINTIFF HEREBY GIVES NOTICE THAT HE
INTENDS TO RELY UPON SUCH OTHER AFFIRMATIVE
DEFENSE AND OR RESPONSE WHICH BECOME AVAILABLE OR
APPARENT DURING PRE-TRIAL DISCOVERY OR LITIGATION PROCEEDINGS
IN THIS CIVIL ACTION, AND HEREBY RESERVES THE RIGHT
TO ASSERT ANY SUCH AFFIRMATIVE DEFENSE AND OR RESPONSE,
WHICH ARE INCORPORATED HEREIN BY REFERENCE AND MADE
PART HEREOF AS THOUGH SET FORTH FULLY HEREIN.

CERTIFICATE OF SERVICE

I, THE UNDERSIGNED PLAINTIFF JIMMIE LEWIS PRO-SE, DUE HEREBY CERTIFY ON THIS ___19TH___, DAY OF __DEC__, 2006, THAT I DID MAIL BY U.S POSTAL ONE TRUE AND CORRECT COPY OF THE PLAINTIFF'S RESPONSE TO STATE DEFENDANTS ANSWER TO PLAINTIFF'S ORIGINAL AND FIRST AND SECOND AMENDED COMPLAINTS, TO THE FOLLOWING:

CLERK OF THE COURT (GMS)
UNITED STATES DISTRICT COURT
J. CALEB BOGGS FEDERAL BUILDING
844 N. KING ST, LOCK BOX 18
WILMINGTON, DELAWARE 19801

ERIKA Y. TROSS # 4506
DEPUTY ATTORNEY GENERAL
820 N. FRENCH ST, 7TH FL
WILMINGTON, DELAWARE 19801

DATE: 12/19/06

Jimmie Lewis
SBI# 506622
DEL. CORR. CENTER
1181 PADDOCK RD
SMYRNA, DE 19977

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CONSOLIDATED |
| v. | ) Civ. No. 05-013-GMS |
| | ) Civ. No. 05-051-GMS |
| WARDEN RAFAEL WILLIAMS, | ) Civ. No. 05-052-GMS |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

At Wilmington this 6th day of March, 2006, for the reasons set forth in the Memorandum issued this date,

1.    The plaintiff's motion to amend the complaint (D.I. 18) is GRANTED.

2.    The following claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1):

    a.    The plaintiff's claims against defendants Betty Burris, Evelyn Steven, Collen Bell, unnamed Pod Officers, First Correctional Medical Staff, Michael Knight, Internal Affairs, Internal Affairs Supervisor, Nurse Kimberly Johnson, Sgt. Marg Moody, Cpt. Lise M. Merson, HYRCI, and Internal Affairs;

    b.    The plaintiff's claims against Warden Williams regarding the intercom system, transferring without a court order; pork products, juice containing saccharin, non-medical persons serving food, inadequate inmate handbook, access to the commissary, cell extraction procedure, food service handlers, grievance system, telephone rights, mail

rights/system, outdoor recreation, inmate classification, installation of gates, and video cameras use during cell extractions;

      c.     The plaintiff's claim for denial of access to the courts against defendants Talenti, Emig and Napolin;

      d.     The plaintiff's claims against Commissioner Taylor and Warden Williams regarding religious services and counseling, visits, telephone calls, literature, outdoor recreation, haircuts, law library access, clean uniforms, warm clothing, proper grievance procedure, hygiene products, cleaning supplies, and meals service;

      e.     The plaintiff's conspiracy claims;

      f.     The plaintiff's claims of verbal abuse, verbal harassment, slander, and libel;

      g.     The plaintiff's claim for damages as a result of his conviction and sentence;

      h.     The plaintiff's privacy claim;

      i.     The plaintiff's claims that his grievances were not properly processed;

      j.     The plaintiff's claim regarding the right to obtain work credits and participate in the work release program; and

      k.     The plaintiff's due process claim as to the February 17, 2005, disciplinary report.

    3.     The court has identified several cognizable claims which Lewis may pursue. Lewis may proceed with the following claims:

      a.     Eighth Amendment conditions of confinement claims against defendants

2

Dr. Joshi, Talenti, Newman, Blue, Warden Williams, Commissioner Taylor, Dr. Boston, Sutton, Fish, Lyonns, Way, Gassner, Hardgrave, Davis, Rodriguez, Cumberback, and Emig;

   b.   Eighth Amendment medical claims against defendants FMC, Talenti, D. Young, Bordley, Carlock, Armstrong, Sheets, Parker, Richards, Way, Mitchell, Medford, Farmer, Kennedy, Singh, Commissioner Taylor, Warden Williams, Dr. Boston, D. Williams , Lyonns, Sabato Emig, Berggrum, Bamford, Hernandez, Nurse Inna, Nurse Jeromy, Fish, Sutton, Wayman, Dr. Arumburo, Dr. Ali, Dr. Rogers, and Carroll;

   c.   First Amendment access to courts claim against defendants Fish, Commissioner Taylor, Warden Williams, Sutton, First Correctional Medical and Dr. Boston, and the taking of legal property claim against defendants Commissioner Taylor and Warden Williams;

   d.   Eighth Amendment excessive force and failure to protect claims against defendants A. Davis, Goins, Presley, C. Johnson, Apa, Harriford, Chapel, Kennedy, Lewis, Talenti, Reynolds, Chudzik and Soul; and

   e.   Fourteenth Amendment due process claims against defendants Napolin, Muskarelli, Dr. Joshi, Dr. Boston, Commissioner Taylor, Warden Williams, Sheets, Sabato, Parker, Farmer, Mitchell, Polk, Canon, V. Williams, Ince, Chaffer, Way, Cumberback, Reynolds and Mase.

IT IS FURTHER ORDERED that:

1.   The Clerk of the Court shall cause a copy of this order to be mailed to the plaintiff.

2.   Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and

3

return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **each defendant listed in 3.a. through 3.e. above,** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). **Additionally, the plaintiff shall provide the court with one copy of the complaint (D.I. 2), the amended complaint (D.I. 8) and the second amended complaint (D.I. 18) for service upon each defendant listed in 3.a. through 3.e. above. The plaintiff is notified that the United States Marshal will not serve the complaint, the amended complaint and the second amended complaint until all "U.S. Marshal 285" forms have been received by the Clerk of the Court. Failure to provide the "U.S. Marshal 285" forms for the defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

3.      Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint, amended complaint and second amended complaint this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

4.      Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5.      Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with

4

process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

      6.     No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

      7.     **NOTE:** \*\*\* When an amended complaint is filed prior to service, the court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). \*\*\*

      8.     **NOTE:** \*\*\* Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. \*\*\*

UNITED STATES DISTRICT JUDGE

5

Shu/9A

8/9/05

**FORM  #584**

**GRIEVANCE FORM**

FACILITY: D.C.C          DATE: 4-11-05

GRIEVANT'S NAME: JIMMIE LEWIS    SBI#: 506622

CASE#: 160056          TIME OF INCIDENT: 4-11-05

HOUSING UNIT: D-11-4

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

I HAVE FILED NUMEROUS MEDICAL GRIEVANCES AND
NON-MEDICAL GRIEVANCES WHILE I WAS AT THE
H.R.Y.C.I. THE DILEMMA IS THAT I WAS IN
THE PROCESS OF OBTAINING INFORMAL RESOLUTIONS
BUT I WAS TRANSFERRED HERE TO D.C.C.
BECAUSE I AM STILL CONFINED WITHIN THE D.D.O.C
THE INMATE GRIEVANCE PROCEDURE 4.4 IS STILL
APPLICABLE TO GRIEVANCES I FILED AT H.R.Y.C.I

ACTION REQUESTED BY GRIEVANT: I WANT THE GRIEVANCES I
FILE AT THE H.R.Y.C.I TO BE TRANSFERRED
HERE TO D.C.C IN ORDER TO OBTAIN INFORMAL
RESOLUTIONS

GRIEVANT'S SIGNATURE: Jimmie Lewis          DATE: 4-11-05

WAS AN INFORMAL RESOLUTION ACCEPTED?          _____(YES)    _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE: _____          DATE: _____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE    CC: Stanley Taylor
    GRIEVANT          Thomas L. Carrol

**RECEIVED**

APR 18 2005

Inmate Grievance Office

April '97 REV

## Instructions for Submitting a Regular Grievance

Inmates are required, per DOC Procedure 4.4 [Inmate Grievance Procedure] to attempt to resolve complaints prior to filing a regular grievance. Grievances are to be submitted within seven(7) days from the date of the occurance or incident or within seven days after the inmate became aware of the incident. The grievance is to be placed in the grievance box located in each housing unit.

Only one issue per grievance form will be addressed. If the grievance is submitted on a weekend or a holiday, it will be recieved during the next working day.

### Return of Unprocessed Grievance

Intake Action: This Grievance Form is being returned to the inmate under the provisions outlined in DOC Procedure 4.4 "Inmate Grievance Procedure" for the following reason(s):

_____ **Vulgar/Abusive or Threatening Language.** The language that is unacceptable has been highlighted. The grievance may be resubmitted omitting this language.

_____ **Non-Grievable.** This issue has been defined as non-grievable in accordance with DOC Policy 4.4. These procedures have their own appeal process that must be followed.  _____ Disciplinary Action  _____ Parole Decision  _____ Classification Action

__✓__ **Request.** Requests are not processed through the grievance procedure. Please correspond with the appropriate office to secure the information that is requested.

_____ **Duplicate Grievance(s).** This issue has been addressed previously in Grievance #_____.

_____ **Original Grievances** must be submitted to the Inmate Grievance Chairperson. Photocopies are not accepted.

_____ **Inquiry on behalf of other inmates.** Inmates cannot submit grievances for other inmates.

_____ **Expired filing period.** Grievance exceeds seven(7) days from date of occurrence.

Grievances will be handle as per the 4.4.

Inmate/Grievance Chairperson

Lnv

APR 1 8 2005

Date

Form#: 584 (F&B)
(Reverse Revised July '99)

JIMMIE LEWIS
# 506622 UNIT D-4-2, BLD 23
.AWARE CORRECTIONAL CENTER
1 PADDOCK ROAD
YRNA, DELAWARE 19977



CLERK OF THE COURT (GMS)
UNITED STATES DISTRICT COURT
J. CALEB BOGGS FEDERAL BUILDING
844 N. KING ST, LOCKBOX 18
WILMINGTON, DELAWARE 19801