IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JIMMIE LEWIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CONSOLIDATED |
| v. | ) | Civil Action No. 05-013-GMS |
| | ) | Civil Action No. 05-051-GMS |
| WARDEN RAFAEL WILLIAMS, | ) | Civil Action No. 05-052-GMS |
| | ) | |
| Defendants. | ) | |

**ORDER**

At Wilmington this 9th day of April, 2007.

The plaintiff, Jimmie Lewis ("Lewis"), filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.I. 2) He appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I. 4) In accordance with the court's orders of March 6, 2006, and July 28, 2006, Lewis returned to the court completed USM-285 forms for service upon the defendants.

Several of the USM-285 forms were returned unexecuted. When the State defendants filed their answer, they raised as a defense and affirmative defense insufficiency of service of process and insufficiency of process. (D.I. 97, Defenses and Affirmative Defenses ¶¶ 21, 22.) Lewis moves the court for discovery from the warden of Howard R. Young Correctional Institution ("HRYCI"), the defendant Raphael Williams ("Warden Williams"), to provide addresses for individuals no longer at HRYCI. (D.I. 100.) Lewis contends that the only way for him to complete service of process is for Warden Williams to supply the full and complete addresses of the following unserved defendants: Dr. Joshi ("Joshi"), Archie Armstrong ("Armstrong'), Mr. Fish ("Fish"), Mack Reynolds ("Reynolds"), Aaron Goines ("Goines"), C/O Cumberback ("Cumberback"), C/O Harriford ("Harriford"), C/O Presley ("Presley"), Lt.

Mitchell ("Mitchell"), Nanette Bordley ("Bordley"), Tamiko Chaffer ("Chaffer"), C/O Hardgrave ("Hardgrave"), Diane Hernandez ("Hernandez"), Ms. Newman ("Newman"), Dr. Boston ("Boston"), Dr. Ali ("Ali"), Georgia Sutton ("Sutton"), and Nurse Inna ("Inna").

During the relevant time period in the complaint, the unserved defendants were either employed by the Delaware DOC or under contract to provide medical services for inmates in the custody of the DOC. With the exception of the defendant Aaron Goines ("Goines"), the USM-285 forms for the unserved defendants were filled out to serve the defendants at the HYRCI. Goines was to be served at the Department of Correction ("DOC"). (D.I. 56.) The USM-285 forms were forwarded to the U.S. Marshal Service along with other court documents for service upon the defendants. The USM-285 forms for Sutton, Inna, Ali, Boston, Joshi, Cumberback, Presley, Mitchell, Harriford, Bordley, Chaffer, Hardgrave, and Hernandez were returned unexecuted by the U.S. Marshal with the remarks, "No longer @ HRYCI. Return unexecuted." (D.I. 45, 46, 47, 48, 49, 50, 51, 54, 55, 59, 60, 61, 93.) The USM-285 forms for Goines and Fish were returned unexecuted by the U.S. Marshal with the remarks, "No longer w/DOC. Return unexecuted." (D.I. 56, 57.) The USM-285 form for Newman was returned unexecuted by the U.S. Marshal with the remarks, "Out on extended sick leave pending retirement. Return unexecuted." (D.I. 62.) The USM-285 forms for Armstrong and Reynolds were returned unexecuted by the U.S. Marshal with the remarks, "No one @HRYCI by this name. Return unexecuted." (D.I. 52, 58.)

The court has an obligation to assist *pro se* plaintiffs in the service of process. *Palmer v. Stewart*, No. 02 Civ.4076 LTS GWG, 2003 WL 21279440 (S.D.N.Y June 4, 2003) (citing *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997)). Indeed, many courts have entered orders to

assist a *pro se* plaintiff in identifying and obtaining addresses of defendants so that service may be effected. *See In Re Johnson*, No. 02-5225, 2001 WL 1286254 (D.C. Cir. Sept. 28, 2001) (district court ordered individual to indicate where and when he was available for service of process or to provide district court with name and address of individual authorized to accept service of process on his behalf); *Palmer v. Stewart*, No. 02 Civ.4076 LTS GWG, 2003 WL 21279440 (S.D.N.Y June 4, 2003) (court ordered counsel for New York City to file an affidavit containing name and address to assist *pro se* plaintiff in service of process); *Garrett v. Miller*, No. 02 C 5437, 2003 WL 1790954 (N.D. Ill. Apr. 1, 2003) (counsel for defendants ordered to provide address to court to assist *pro se* plaintiff in obtaining service of process); *Dudley v. Texas Instruments, Inc.*, No. Civ.A. 302CV292M, 2002 WL 992766 (N.D. Tex. May 13, 2002) (court determines assistance should be provided to *pro se* plaintiff to help him effect proper service, and counsel for corporation is ordered to provide plaintiff with names and addresses of corporate officers and registered agent); *Bloomer v. City of New York*, No. CV 89-592(RR), 1994 WL 92388 (E.D.N.Y. Mar. 3, 1994) (court ordered counsel for New York City, who did not represent police officers in their individual capacity, to provide addresses of police officers when counsel refused to accept service for officers). Additionally, the court's inherent power allows it to enter orders to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

    Without the correct addresses, Lewis cannot effect service upon individuals who are no longer at HRYCI. Accordingly, plaintiff's motion is **granted**. (D.I. 100.)

    THEREFORE, IT IS ORDERED that on or before **May 3, 2007**, Warden Williams shall

provide to Lewis the last known addresses for the defendants Dr. Joshi, Archie Armstrong, Mr. Fish, Mack Reynolds, Aaron Goines, C/O Cumberback, C/O Harriford, C/O Presley, Lt. Mitchell, Nanette Bordley, Tamiko Chaffer, C/O Hardgrave, Diane Hernandez , Ms. Newman, Dr. Boston, Dr. Ali, Georgia Sutton, and Nurse Inna, or in the alternative, if the foregoing individuals are still employed by the Delaware DOC, the correctional facility where they are now located, so that these defendants may be served. Lewis shall have **twenty-one days** from receipt of the addresses to submit to the court complete U.S. Marshal-285 forms as well copies of the complaint (D.I. 2), the amended complaint (D.I. 8) and the second amended complaint (D.I. 18) for service upon each of the above listed defendants.

*[signature]*
UNITED STATES DISTRICT JUDGE

FILED

U.S. DISTRICT COURT
DISTRICT OF DELAWARE