## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, | ) |
| a/k/a Emmanuel E. Elder, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 05-013-GMS |
| | ) |
| RAPHAEL WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM**

## **I. INTRODUCTION**

The plaintiff Jimmie Lewis ("Lewis"), an incarcerated individual at the Central Violation

of Probation Center, Smyrna, Delaware, filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] He

appears *pro se* and has been granted leave to proceed *in forma pauperis*. Before the court is a

motion for summary judgment filed by the defendants Debra Muscarella ("Muscarella") and Dr.

Rodgers ("Dr. Rodgers") (together "the medical defendants") and Lewis' opposition thereto.

(D.I. 187.) For the reasons that follow, the court will grant the medical defendants' motion for

summary judgment.

## **II. PROCEDURAL AND FACTUAL BACKGROUND**

Lewis filed this § 1983 lawsuit against numerous defendants, raising various claims.

Following screening, Lewis was allowed to proceed against Muscarella on a due process claim in

violation of the Fourteenth Amendment and against Dr. Rodgers for a medical needs claim in

_____

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him
of a federal right, and that the person who caused the deprivation acted under color of state law.
*West v. Atkins,* 487 U.S. 42, 48 (1988).

violation of the Eighth Amendment.[2] More specifically, Lewis alleges that he was subjected to numerous disciplinary procedures that were brought to the attention of mental health care provider Muscarella, but the mental health care staff did not conduct a psychological competency assessment, a competency hearing and/or represent his chronic care and mental health patient status during disciplinary procedures or during classification hearing. (D.I. 18, ¶ 29.) Lewis alleges that the lack of mental health care representation caused him atypical and significant hardship by being classified to disciplinary and maximum security units that did not provide adequate mental health treatment. (*Id.*) With regard to Dr. Rogers, Lewis alleges that on five different occasions he was prescribed medication but was transferred to a different correctional institution prior to receiving treatment and that Dr. Rogers "was informed of the course of events, but to no avail." (D.I. 18, ¶ 6.) Lewis also alleges that he requested an MRI and CT scan to determine if he was suffering from brain damage, but Dr. Rogers ignored or denied his request. (*Id.* at ¶ 26.)

On November 9, 2009, the medical defendants served Lewis with fifteen requests for admissions at his last known address in Burgaw, North Carolina. (D.I. 166.) The medical defendants do not indicate if the mail was returned as undeliverable.[3] The requests for admissions were also served upon the consulting attorney and the court. (See D.I. 166, 167.) On January 5, 2010, the case was dismissed for Lewis' failure to prosecute and to provide the court with his current address. (D.I. 170.) The next day, Lewis provided a new address at a county jail

---

[2]The court dismissed all privacy claims. (D.I. 26, ¶ 2.h.)

[3]An order that the court mailed to Lewis at the same address was returned as undeliverable on October 9, 2009. (*See* D.I. 165.)

in Ohio. (D.I. 171.) When notified that the case was closed, he filed a motion to reopen. (D.I. 173.) The motion was granted, the case reopened, and discovery and dispositive motions deadlines extended. (D.I. 184.) On March 16, 2010, the medical defendants filed the pending motion for summary judgment based upon Lewis' admissions pursuant to Fed. R. Civ. P. 36(a)(3). On March 23, 2010, the court docketed Lewis' responses to the requests for admissions, dated March 18, 2010. (D.I. 189.)

## III. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n.10 (1986). The facts must be viewed in the light most favorable to the nonmoving party and all reasonable inferences from the evidence must be drawn in that parties' favor. *Conopco, Inc. v. United States,* 572 F.3d 162, 165 (3d Cir. 2009). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Industrial Crating Co.,* 358 F.3d 241, 247 (3d Cir.2004) (quoting *Anderson,* 477 U.S. at 255). If the court determines that there is no genuine issue as to any material fact and that the

-3-

movant is entitled to judgment as a matter of law, summary judgment is appropriate. *See Hill v. City of Scranton,* 411 F.3d 118, 125 (3d Cir. 2005).

The medical defendants move for summary judgment based upon Lewis' admissions under Fed. R. Civ. P. 36(a)(3). (D.I. 187.) Lewis opposes the motion, and responds to the requests for admissions that he claims were officially served upon him on March 18, 2010. (D.I. 189, 190.)

## IV. DISCUSSION

### A. Rule 36

The medical defendants' motion for summary judgment is predicated upon Lewis' failure to timely respond to their requests for admissions. Accordingly, the court must assess the consequence of Lewis' failure to timely respond or object to the medical defendants' requests for admissions. The medical defendants argue the requests are deemed admitted. Lewis counters that he was not formally served with the requests until March 16, 2010, when he was served with the motion for summary judgment and, therefore, his responses are timely.

Pursuant to Rule 36, a party may serve a written request upon another party for the admission of the truth of any matters "relat[ing] to facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to . . . or be ordered by the court. Fed. Civ. P. 36(a)(3). "Any matter admitted . . . is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Fed. R. Civ. P. 36(b) ("the court

may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits").

Lewis contends the requests were never served upon him in November 2009 and that closure of the case on January 5, 2010, rendered any discovery deadlines moot. He further posits that the extension of discovery deadlines upon reopening of the case renders the motion for summary judgment premature, frivolous, and meritless. Finally, he argues that on March 18, 2010, he responded to the March 2010 requests for admissions within the thirty-day time-frame.

The medical defendants do not indicate if the requests for admissions served upon Lewis, at the address he provided, were returned as undeliverable. Regardless, they contend that even if he did not receive them at the Burgaw, North Carolina address, Lewis is on notice because they were filed with the court and are a part of the docket. They argue that the court's prior rulings do not have the far-reaching effect suggested by Lewis. Finally, they note that the matters remain admitted under Rule 36 until Lewis seeks an affirmative order striking the admissions.

The record reflects that during a six month period, Lewis was transient, providing four different addresses to the court. (D.I. 158, 162, 193, 171.) His failure to keep the court advised of his whereabouts resulted in the dismissal of this case in January 2010. The order that reopened the case in March 2010, and extended discovery and dispositive motions deadlines, had no effect on Lewis' responsibility to timely respond to discovery requests.

It is evident from the court docket that requests for admissions were served upon Lewis in November 2009. Even if Lewis did not receive them as he now claims, the court docket should have alerted him to the requests. At no time did Lewis file a motion pursuant to Rule 36(b) to

withdraw the matters deemed admitted, seek additional time to submit his responses, or challenge any of the requests for admissions. Instead, he submitted late responses in conjunction with his opposition to the pending motion for summary judgment, and contends that prior orders allowed the late responses with no consequences.

The court is mindful of Lewis' *pro se* status. Yet this status does not give Lewis the right to flagrantly disregard the Federal Rules of Civil Procedure in an effort to manipulate rulings in his favor. Lewis did not timely respond to the requests for admissions or seek relief pursuant to the Federal Rules or Civil Procedure to excuse his delinquency. Therefore, the court finds that Lewis did not timely respond to the requests for admissions and the admissions are deemed admitted.

The admissions relevant to the remaining issues against Muscarella and Dr. Rodgers are that: Lewis did not suffer from a serious medical condition or a serious medical need; Muscarella and Dr. Rodgers were not deliberately indifferent to a serious medical need; Lewis received continual medical and mental healthcare from Muscarella and continual medical care from Dr. Rodgers; Lewis received reasonable medical and mental treatment from Muscarella and reasonable medical treatment from Dr. Rodgers; Lewis believed that Muscarella should have done more by way of medical and mental diagnosis and treatment and that Dr. Rodgers should have done more by way of medical diagnosis and treatment; Lewis disagreed with Muscarella as to the proper medical and mental healthcare treatment he received and disagreed with Dr. Rodgers as to the proper medical treatment he received; and Muscarella and Dr. Rodgers did not violate Lewis' constitutional rights.

-6-

## B. Medical Needs

Lewis alleges that Muscarella failed to conduct a competency assessment prior to his disciplinary hearings and Dr. Rogers failed to provide treatment and medical testing as requested by Lewis.[4]  It appears, but is not clear, that the allegations occurred after Lewis was convicted.[5]

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

---

[4]To the extent that Lewis attempts to raise a malpractice claim under Delaware law, it fails for noncompliance with the Delaware statute. *See* 18 Del. C. §§ 6801-6865.

[5]Courts have concluded that the Fourteenth Amendment affords pretrial detainees protections that are "at least as great as the Eighth Amendment protections afforded to a convicted prisoner." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Hence, when assessing medical claims by pretrial detainees, courts may apply the deliberate indifference standard established under the Eighth Amendment but must view the inquiry in the context of the *Bell v. Wolfish* standard, which applies Fourteenth Amendment due process principles and not the cruel and unusual punishment standard to pretrial detainees. *See Hubbard v. Taylor,* 399 F.3d 150, 165-66 (3d Cir. 2005).

However, "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976). Moreover, allegations of medical malpractice are not sufficient to establish a Constitutional violation. *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations omitted); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a Constitutional deprivation). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

With regard to the medical need claims, there are no disputed issues of fact. The medical defendants did not violate Lewis' constitutional rights and were not deliberately indifferent to a serious medical need. Therefore, the court will grant the medical defendants' motion for summary judgment.

**C. Due Process**

Lewis  appears to allege that Muscarella violated his right to due process when she failed to conduct a psychological assessment prior to disciplinary hearings. Inmates must be afforded procedural due process protections before they can be deprived of their protected liberty interest in good time credits. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). Inmates are constitutionally entitled to the following procedural safeguards: (a) written notice of the charges

-8-

at least twenty-four hours before the disciplinary hearing; (b) a written statement by the fact finders as to the evidence relied on and reasons for the disciplinary action; (c) the ability to call witnesses and present documentary evidence, when it will not be an undue hazard to institutional safety or correctional goals; (d) the aid of a fellow prisoner, or if that is forbidden, aid from staff or a competent inmate designated by staff, if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case; and (e) impartial fact finders. *Id.* at 564-71.

The record does not support Lewis' position that it was necessary for Muscarella to perform a competency hearing prior to his attendance at disciplinary hearings given his admission that he did not suffer from a serious medical condition. Rather, the record reflects that Lewis disagreed with the treatment Muscarella provided, but she rendered him continual medical and mental healthcare and treatment. It is evident from the record there are no genuine issues of fact. Therefore, the court will grant the medical defendants' motion for summary judgment.

## V. CONCLUSION

For the above stated reasons the court will grant the medical defendants' motion for summary judgment.

An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

June 30, 2010

Wilmington, Delaware

-9-

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JIMMIE LEWIS, <br> a/k/a Emmanuel E. Elder, <br><br> Plaintiff, <br><br> v. <br><br> RAPHAEL WILLIAMS, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. Action No. 05-013-GMS <br> ) <br> ) <br> ) <br> ) |

**ORDER**

At Wilmington this 30ᵗʰ day of ⌒June⌒_____, 2010, for the reasons set forth in

the Memorandum issued this date;

1. The medical defendants' motion for summary judgment is **granted**. (D. I. 187.)

2. At the closes of the case, the clerk of court is directed to e**nter** judgment in favor of

the defendants Debra Muscarella and Dr. Rodgers and against the plaintiff.

CHIEF, UNITED STATES DISTRICT JUDGE